Brophy v. Taylor.

JAMES A. BROPHY, IMPLEADED, ETC.,

v.

HOBART C. TAYLOR.

*Taxes—Sales—Bill to Set Aside Certificates—Costs—Relief.*

1.   Upon a bill to set aside certificates of sale of certain lots for taxes, the complainant is not entitled to costs unless he has applied to the defendant for the surrender of such certificates before suit brought.

2.   In the case presented, the decree should have required the complainant to deposit in court for the use of defendant the amount he had paid at the sale and subsequent taxes paid by him, if any, with interest at six per cent. per annum on all, as a condition precedent to the relief granted.

[Opinion filed February 13, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon.
OLIVER H. HORTON, Judge, presiding.

Messrs. ABBOTT, OLIVER & SHOWALTER, for appellant.

Messrs. MILLARD & SMITH, for appellee.

GARY, J. This was a bill filed by appellee to set aside
certificates of sale of certain lots sold by the county treasurer
on a delinquent assessment warrant. The decree set them
aside without terms, and gave appellee costs. The appellant
was not applied to before suit to surrender the certificates
upon any terms, and no costs should be taxed against him.
To charge him with the expenses of the suit he should have
been asked before the suit to do what, by suit, might be
required of him.

On the hearing the appellant did refuse to accept the
money he was entitled to and surrender his certificates, but
this refusal did not add anything to the equitable claims of
the appellee. Nor does a court of equity enforce or favor
penalties or forfeitures. The appellant should have his *locus
pœnitentiæ.*

It is equitable, if the appellee desires to get rid of the cloud
the appellant holds upon his title, that he should reimburse
the appellant the money expended by him, of which appellee
has had the benefit by the discharge of the burden upon his
property.

The decree should have required appellee, as a condition
precedent to the relief granted, if the appellant would not
take the money, to deposit in court for the use of the appel-
lant, the amount he had paid at the sale, and any subsequent
taxes he had paid, with interest at six per cent per annum on
all, and in default thereof within a limited time to be fixed
by the decree, that the bill should be dismissed. Alexander
v. Merrick, 121 Ill. 606, and cases there cited.

This was all that the appellee was entitled to. The author-
ity of Gage v. Busse, 102 Ill. 592, is so shaken by Gage v.
Pirtle. 124 Ill. 502, that it can not be cited with entire
confidence that it will be followed.

The decree is reversed and the cause remanded to the Circuit Court with directions to enter such a decree as is above described without costs to either party. Here the appellant will recover his costs of this appeal.

*Reversed and remanded.*