[S. F. No. 12759. In Bank.—April 16, 1929.]

W. R. BLOOM, Appellant, v. IRVIN T. BLOOM, etc., Respondent.

Stanford J. Smith and Lucas F. Smith for Appellant.

Brittenhouse & Snyder for Respondent.

SHENK, J.—The plaintiff filed a complaint in the usual form to quiet his title to three parcels of land in the county of Santa Cruz. The defendant answered, denying absolute title in the plaintiff, and alleged that the plaintiff's interest was founded upon a deed conveying to him the title to the three parcels of land described in the complaint and two other parcels described in the answer, which deed, although absolute in form, was alleged to be in fact a conveyance of the title to the plaintiff upon the trusts resulting from an agreement of the parties and evidenced by a letter exchanged between them whereby the title was to be held by the plaintiff as security for loans and advances, reconveyance to be had upon payment to the plaintiff of the amount of such loans and advances. The defendant prayed that an accounting be had as to all five parcels and that, upon the ascertainment of the amount due from the defendant to the plaintiff, the plaintiff be required to reconvey the three parcels described in the complaint upon the payment or tender to the plaintiff of the amount so found to be due.

Prior to the commencement of the action the plaintiff had conveyed the two parcels described in the answer to innocent third parties for value without notice of the defendant's claims. The accounting was had and the amount of the loans and advances from the plaintiff to the defendant was found to be the sum of $8,930.24 with interest at the legal rate from June 9, 1925. The court found that the deed was as and for the purposes alleged

in the answer and adjudged that the plaintiff's title be not quieted but that the plaintiff execute a deed conveying to the defendant the title to the property described in the complaint upon the payment to the plaintiff of the amount found to be due in accordance with the agreement of the parties.

The plaintiff appeals from the judgment on the ground that the evidence is insufficient to support the findings and that the judgment is uncertain and incomplete in that no time was fixed within which the defendant was required to pay the amount found to be due the plaintiff as a condition upon which the defendant would be entitled to a reconveyance.

The evidence is sufficient to support the findings, but it is clear that the judgment did not adequately protect the plaintiff's rights nor completely dispose of the controversy. By the judgment in its present form the burden of further advances by way of taxes and maintenance charges is placed upon the plaintiff and the defendant is permitted to delay indefinitely the payment of the amount found to be due. If the judgment be permitted to stand, the plaintiff's title is not quieted, notwithstanding the defendant may never pay the amount found to be due. On the other hand, the defendant may wait indefinitely and gamble on the increase or decrease in value of the property. In any event, further litigation would seem to be inevitable unless this controversy be settled in this action.

The plaintiff in his brief suggests that the proper method to have been pursued was that an interlocutory judgment should have been rendered directing that a reconveyance be executed upon the payment by the defendant of the amount found to be due from the defendant to him and that a time should have been fixed within which the defendant should be permitted and required to make such payment, in default of which the plaintiff's title should be quieted. Or, the plaintiff further suggests, the court should have ordered the property sold, subject to the right of the defendant to redeem as in foreclosure. Under the contract of the parties and the allegation of the defendant's answer and the form of his prayer for affirmative relief, he has consented to the procedure first suggested by the plaintiff. The defendant has filed no brief and has

stipulated that the appeal be determined on the record and plaintiff's opening brief. On the record the defendant must be deemed to have waived any equity of redemption which he might otherwise have had and to have consented to the procedure first suggested by the plaintiff.

Under the circumstances here shown, the trial court should have entered an appropriate interlocutory judgment requiring the defendant to pay the amount found to be due the plaintiff within a specified reasonable time; that upon such payment within the time specified the defendant would be entitled to a reconveyance and that in default of payment within such time the plaintiff would be entitled to a decree quieting his title. Such a procedure was outlined and an interlocutory judgment was by the trial judge actually ordered to be prepared in accordance with a memorandum opinion filed in the case. This procedure, however, was not followed, but a final judgment was signed and entered with the infirmity above indicated.

The situation of the parties under their contract and the pleadings is such as to indicate that the plaintiff, in order to protect his interest in the property, probably has been required to make further advances or to assume further financial burdens to protect his interest in the property since the close of the accounting already had, or at least since the entry of the judgment on June 1, 1927.

The judgment is reversed and the cause is remanded for further proceedings consistent with the views herein expressed.

Richards, J., Seawell, J., Preston, J., Waste, C. J., Curtis, J., and Langdon, J., concurred.