[L. A. No. 11944. In Bank.—June 12, 1931.]

GRACE P. WARDEN, Appellant, v. SAM ABRAHAM NAHAS et al., Respondents.

J. Everett Brown for Appellant.

No appearance for Respondents.

THE COURT.—The plaintiff commenced this action to quiet title to lot 62, Bauchet tract, in the county of Los Angeles, her claim of title being based on a deed from the

county tax collector issued after the sale of the property for nonpayment of taxes. The complaint was in the usual form in actions to quiet title. The answer was equally brief, containing specific denials of the averments of the complaint. Upon the trial the plaintiff offered such evidence as she had in support of her title, and also offered evidence to the effect that she had made certain payments of taxes on the property amounting to the sum of $55.99. The defendants offered their proof as to their ownership of the property, and the cause being submitted to the court without a jury it made and entered its findings of fact in favor of the defendants. The court also found that while the plaintiff was not the owner or entitled to the possession of the property or any part thereof, she had "paid out on account of taxes, interest, penalties and costs legally assessed against the property for the year 1929 the sum of $55.99, which amount the defendants had offered to pay to the plaintiff in open court". As a conclusion of law the court decided "that the plaintiff is not entitled to judgment quieting title to said property or any part thereof, and that her said action should be dismissed and that the defendants' title thereto should be quieted against the plaintiff and a decree should be entered accordingly upon payment of the sum of $55.99, with legal interest thereon from the third day of July, 1928; and that the defendants should recover their costs herein". The judgment as to the portion thereof assailed upon this appeal reads as follows: "It is ordered, adjudged and decreed that the defendants are the owners of the following described property [description] and that upon the payment to the plaintiff of the sum of $55.99, with interest thereon from the third day of July, 1928, at the rate of seven per cent per annum, that the title to said property and every part thereof be forever quieted in said defendant, and the plaintiff, her agents and servants shall be and they are hereby enjoined and estopped from asserting thereto, or to any part thereof, after the payment by defendants to the plaintiff of the sum of $55.99 with interest thereon as aforesaid." ■ The plaintiff appealed from said judgment on the judgment-roll and urged upon the appeal as the only ground thereof, "that the conclusions of law and the decree do not set any time in which the respondents are to make the payment set out in said decree, and is not the judgment required by the decisions of the supreme court of

this state''. In support of her appeal the appellant directs attention to the case of *Bloom* v. *Bloom*, 207 Cal. 70 [276 Pac. 568], in which, in an action substantially similar to this and in which the plaintiff appellant urged that ''the judgment was uncertain and incomplete in that no time was fixed within which the defendant was required to pay the amount found to be due the plaintiff as a condition upon which the defendant would be entitled to a reconveyance'', this court held that the judgment in that case was subject to the above infirmity, and that the trial court should have entered an appropriate judgment requiring the defendant to pay the amount found due the plaintiff within a specified reasonable time; that upon such payment within the time specified the defendant would be entitled to a reconveyance, and that in default of payment within such time the plaintiff would be entitled to a decree quieting his title. The court reversed the judgment in that case because of said infirmity. We are satisfied that a similar course must be pursued in the instant case.

The respondents have filed no brief nor have they responded to an order to show cause heretofore issued herein. It is, therefore, ordered that the judgment be and the same is reversed and the cause remanded to the trial court with instructions to render and enter its judgment providing that as a condition of having their title quieted to said premises the defendants shall make payment to the plaintiff, or to the clerk of the court for and on account of the plaintiff, the sum of $55.99, together with legal interest thereon from the third day of July, 1928, within a definite period to be prescribed in said judgment, and that in the event of the failure of the defendants to comply with said judgment in the foregoing regard the title of the plaintiff be quieted to said premises and that she have and recover her costs upon the trial and upon appeal herein.