[Civ. No. 447. Fourth Appellate District.—June 29, 1931.]

FRANK F. FAUST, Appellant, v. CITY OF SAN DIEGO (a Municipal Corporation), Respondent.

Herbert C. Kelly for Appellant.

M. W. Conkling and H. C. Hopkins for Respondent.

MARKS, J.—This is an action to quiet title to eighty acres of pueblo lands formerly belonging to the City of San Diego. The complaint is in the usual short form alleging ownership, possession, and the right to possession of the property in the plaintiff, and the wrongful claim of an interest therein by the defendant. The answer is equally brief. It denies the ownership, possession, and right to possession of the plaintiff and asserts title in the defendant. Judgment was rendered in favor of the defendant and the plaintiff has appealed.

The case was submitted to the trial court upon two stipulations which constituted an agreed statement of facts. They are brought to this court in the form of a bill of exceptions.

The trial court unnecessarily made findings of fact. In *Crawford* v. *Imperial Irr. Dist.*, 200 Cal. 318 [253 Pac. 726, 733], it was said: "As the case was submitted upon an agreed statement of facts without any other evidence whatever, findings of fact were unnecessary (24 Cal. Jur. 953). The only question, therefore, before the court was as to what was the law applicable to those facts (*Gregory* v. *Gregory*, 102 Cal. 50 [36 Pac. 364]; *McMenomy* v. *White*, 115 Cal.

339 [47 Pac. 109].) Any findings of fact made by the court under these circumstances may be disregarded."

The sole question to be considered by us is whether the judgment is supported by the facts set forth in the stipulations. The pertinent parts of the judgment are as follows:

"By reason of the law and the findings aforesaid, it is hereby ordered, adjudged and decreed as follows, to wit:

"That the plaintiff take nothing by reason of his action herein, except that the plaintiff have judgment against the defendant for the sum of sixty dollars and fifty-one cents ($60.51), together with interest thereon at the rate of seven (7%) per cent per annum from August 28, 1911, until paid.

"That the certificate of purchase and deed to the property described in plaintiff's complaint be, and they are hereby cancelled and decreed to be null and void.

"That the defendants have judgment for its costs herein expended."

From the stipulations before us it appears: That the eighty acres involved in this action is the east half of pueblo lot number 1179 in the City of San Diego; that during the year 1891, the Linda Vista Irrigation District was lawfully organized and included within its boundaries the property in question here, as well as over two thousand acres of other pueblo lands of the City of San Diego; that during the year 1911, the land in question here, together with other lands, was assessed for taxation by the irrigation district and a tax of $112.87 was levied upon the eighty acres involved here; that this land was assessed to O. J. Stough; that none of the assessments on the pueblo lands were paid prior to February 28, 1912, on which date the property in question and the other pueblo lands of the City of San Diego were sold to Charles B. Gould, who paid the delinquent assessment and interest, penalties and costs on the eighty acres involved herein in the total sum of $121.01; that Gould assigned his certificate of purchase to Frank F. Faust and that the Linda Vista Irrigation District by its officers deeded the property to him; that the Linda Vista Irrigation District has issued and sold bonds to pay for certain improvements within its boundaries and that the assessment was levied to pay all or part of this indebtedness; that the Live Oak Corporation claimed to be the owner of this indebtedness prior to February 29, 1911; that on

March 1, 1912, Ed Fletcher wrote and delivered the following letter:

"San Diego, California, Mar. 1, 1912.

"Honorable City Council,

"San Diego, Calif.

"Gentlemen:

"This is to inform you that all delinquent property in the Linda Vista District was sold on Wednesday, Feb. 28th. The pueblo lands owned by the city were included in this sale. Nearly 90% of the land owners have already paid their assessments.

"Mr. Charles B. Gould bought in the property of the city, and providing a settlement is made within a reasonable time, (say thirty days from date) along the lines of our original proposition, I am in a position to say that same will be accepted.'

"The Live Oak Corporation have been more than fair with the city in extending time of payment, nearly six months from the date of September 12, 1911, when it became delinquent, and Mr. Gould does not feel that we should be called upon to make any further extension, except as above stated."

That thereafter on or about April 2, 1912, the City of San Diego paid the Volcan Land and Water Company and the Live Oak Corporation "the sum of $6,810, in full payment, discharge, satisfaction, settlement and compromise of the claim of the Linda Vista Irrigation District and of the claim of the Live Oak Corporation, claiming to be the beneficiary of said assessment, and of all successors in interest of said Live Oak Corporation; and the said Linda Vista Irrigation District and the said Live Oak Corporation and its successors and assigns hereby release and discharge the City of San Diego and the pueblo lands of the City of San Diego heretofore assessed or claimed to be assessed for the payment of any tax, lien or assessment whatever of said district, or of any claim against said lands, which are described as follows:"; that pueblo lot number 1179 was not described or mentioned in this receipt; that on April 4, 1912, the Linda Vista Irrigation District issued its receipt, in part as follows: "Received of the City of San Diego, Six Thousand Eight Hundred and Ten ($6,810) Dollars in payment of the assessment of said District levied in the year 1911 to pay

the judgments against said District upon the following described property: Description—Lot—Acres—Pueblo Lands:'';
that pueblo lot number 1179 was not mentioned in this receipt nor was any part of the assessment thereon included in any payment ever made by the City of San Diego; that all of the proceedings employed by the Linda Vista Irrigation District in levying the assessment, making the sale and in deeding the eighty acres to Charles B. Gould were legal and valid and in accordance with law as was the assignment from Gould to Faust; that "the plaintiff in this action has never been in the actual possession of the property involved in this action nor has he ever paid taxes thereon. The land involved in this action is, and at all times has been, wholly unimproved and no actual occupancy thereof has been had by any person. Plaintiff purchased the certificate of sale involved in this action for value and at no time prior to the issuance of the Linda Vista Irrigation District deed to plaintiff did plaintiff have actual notice or knowledge of the defendant's claim of title to said property nor of any settlement and/or negotiation for settlement of the claims of the Linda Vista Irrigation District, Live Oak Corporation, Volcan Land & Water Company, a corporation, and/or Charles B. Gould against this property or against any Pueblo Lands of the City of San Diego.''

In the case of *San Diego* v. *Linda Vista Irr. Dist.*, 108 Cal. 189 [35 L. R. A. 33, 41 Pac. 291], an action to quiet title to pueblo lands, it was held that an assessment by the defendant irrigation district upon pueblo lands of the City of San Diego which were unoccupied and uncultivated and which had not been put to use under the governmental functions of the city and which were susceptible of cultivation through irrigation, were subject to assessments levied by the irrigation district and to sale by it for unpaid assessments. Under authority of this case the stipulated facts do not support the judgment, as the defendant has admitted that the assessment, sale and conveyance of the property were all legal and valid proceedings taken under authority of and in accordance with the laws governing them.

Under authority of *Warden* v. *Nahas*, 212 Cal. 740 [300 Pac. 815], the judgment must be reversed regardless of the fact of the insufficiency of the stipulations to support

it. The Warden case was an action to quiet title against an invalid tax deed. The Supreme Court held as follows:

"The judgment as to the portion thereof assailed upon this appeal reads as follows: 'It is ordered, adjudged and decreed that the defendants are the owners of the following described property (description) and that upon the payment to the plaintiff of the sum of $55.99, with interest thereon from the third day of July, 1928, at the rate of seven per cent per annum, that the title to said property and every part thereof be forever quieted in said defendants, and the plaintiffs, her agents and servants shall be and they are hereby enjoined and estopped from asserting title thereto, or to any part thereof, after the payment by defendants to the plaintiff of the sum of $55.99 with interest thereon as aforesaid.' The plaintiff appealed from said judgment on the judgment roll and urged upon the appeal as the only ground thereof, 'that the conclusions of law and the decree do not set any time in which the respondents are to make the payment set out in said decree, and is not the judgment required by the decisions of the Supreme Court of this state.' In support of her appeal the appellant directs attention to the case of *Bloom* v. *Bloom*, 207 Cal. 70 [276 Pac. 568, 569], in which, in an action substantially similar to this and in which the plaintiff appellant urged that 'the judgment was uncertain and incomplete in that no time was fixed within which the defendant was required to pay the amount found to be due the plaintiff as a condition upon which the defendant would be entitled to a reconveyance', this court held that the judgment in that case was subject to the above infirmity, and that the trial court should have entered an appropriate judgment requiring the defendant to pay the amount found due the plaintiff within a specified reasonable time; that upon such payment within the time specified the defendant would be entitled to a reconveyance, and that in default of payment within such time the plaintiff would be entitled to a decree quieting his title. The court reversed the judgment in that case because of said infirmity. We are satisfied that a similar course must be pursued in the instant case."

The defendant has urged at considerable length that the judgment should be affirmed because of equitable reasons which need not be detailed here. None of them are within

the stipulated facts and some are contrary to inferences which these facts justify. Some are not within the issues made by the present pleadings. If the defendant desires to urge the grounds of defense suggested, it should take such steps as it may be advised to enable it to present any special defense it may be able to urge at another trial.

Judgment reversed.

Barnard, P. J., and Griffin, J., *pro tem.*, concurred.