[S. F. No. 14371. In Bank.—October 27, 1932.]

W. S. BLOOM, Appellant, v. IRVIN T. BLOOM et al., Respondents.

Lucas F. Smith and Stanford G. Smith for Appellant.

Rittenhouse & Snyder for Respondents.

SEAWELL, J.—This is the second appeal taken by plaintiff in this action. The facts are sufficiently stated in our consideration upon the first appeal, reported in *Bloom* v. *Bloom*, 207 Cal. 70 [276 Pac. 568]. The plaintiff in the original action filed a complaint in the usual form to quiet his title to three parcels of land in the county of Santa Cruz. The defendant answered, denying absolute title in the plaintiff and alleged that the plaintiff's interest was founded upon a deed conveying to him the title to the three parcels of land described in the complaint and two other parcels described in the answer, which deed, although absolute in form, was alleged to be in fact a conveyance of the title to the plaintiff upon the trusts resulting from an agreement of the parties and evidenced by a letter exchanged between them whereby the title was to be held by the plaintiff as security for loans and advances, reconveyance to be had upon payment to the plaintiff of the amount of such loans and advancements. The defendant prayed that an accounting be had as to all five parcels and that upon the ascertainment of the amount due from the defendant to the plaintiff, the plaintiff be required to reconvey the three parcels described in the complaint upon the payment or tender to the plaintiff of the amount so found to be due. Prior to the commencement of the action the plaintiff had conveyed the two parcels described in the answer to innocent third parties for value without notice of the defendant's claims. The accounting was had and

the amount of the loans and advances due from the defendant to the plaintiff was found by the court to be the sum of $8,930.24, with interest at the legal rate from June 9, 1925. The court found that the deed was as and for the purposes alleged in the answer and adjudicated that the plaintiff's title be not quieted, but that the plaintiff execute a deed conveying to the defendant the title to the property described in the complaint upon the payment to the plaintiff of the amount found to be due in accordance with the agreement of the parties. The plaintiff in said first appeal from the judgment based his appeal on the ground that the evidence was insufficient to support the findings and that the judgment was uncertain and incomplete in that no time was fixed within which the defendant was required to pay the amount found to be due the plaintiff as a condition upon which the defendant would be entitled to a reconveyance. We held in our former decision that the evidence was sufficient to support the findings, but as the judgment did not adequately protect the plaintiff's rights nor completely dispose of the controversy, the cause was remanded, with directions as stated in our opinion. We were of the view that the judgment as it then stood imposed the burden of further advances by way of taxes and maintenance charges upon the plaintiff and the defendant was permitted to delay indefinitely the payment of the amount found to be due, and therefore if the judgment were permitted to stand, the plaintiff's title was not quieted, notwithstanding the fact that defendant might never pay the amount found to be due. The plaintiff suggested that the proper method to have been pursued was that an interlocutory judgment should have been rendered, directing that a reconveyance be executed on the payment by the defendant of the amount found to be due from the defendant to him, and that a time should have been fixed within which the defendant should have been permitted and required to make such payment, in default of which the plaintiff's title should be quieted. Or, as another alternative, that the court should have ordered the property sold, subject to the right of the defendant to redeem as in foreclosure. We held, however, that under the contract of the parties and the allegation of the defendant's answer and the form of his prayer for affirmative relief, he had consented to the

procedure first suggested by the plaintiff; that is to say, that upon payment of the amount found to be due by defendant to plaintiff within a time to be fixed by the court, the property in question should be reconveyed to said defendant, but in default of such payment the plaintiff's title should be quieted. Upon the first appeal the defendant filed no brief and stipulated that the appeal might be determined on the record and upon plaintiff's opening brief. Upon this stipulation we held that the defendant must be deemed to have waived any equity of redemption which he might otherwise have had and to have consented to the procedure last above set out. We further held that under the circumstances shown the trial court should have entered an interlocutory judgment requiring the defendant to pay the amount found to be due the plaintiff, within a specified reasonable time, that upon such payment within the time specified the defendant would be entitled to reconveyance, and that in default of said payment the plaintiff would be entitled to a decree quieting his title. While this procedure was outlined and an interlocutory judgment was actually ordered to be prepared by the trial court the procedure was not followed, but a final judgment was signed and entered, with the infirmity above indicated. We further set out in our former opinion that the situation of the parties under their contract and pleadings was such as to indicate that the plaintiff, in order to protect his interest in the property, probably had been required to make further advances, or assume further financial burdens since the close of the accounting had, or at least since the entry of the judgment. We then ordered the judgment reversed and the cause remanded for further proceedings consistent with the views therein expressed.

It will be borne in mind that the defendant took no appeal either from the judgment rendered in the first trial or from the judgment rendered in the present action. This appeal is taken solely by plaintiff. Upon the going down of the *remittitur* in the first appeal neither the trial court nor the attorneys in the case seemed to have understood the effect of the language of our order, and so stated during the proceedings had upon a return of the case for further consideration. The defendant, however, proceeded to produce evidence going to the value of parcels 4 and 5 which

had been sold by the plaintiff and which were found to be of the aggregate value of $400 by the trial court in its findings when this matter was considered by it upon the first hearing. This court expressly affirmed the finding and the judgment of the trial court as to this issue, and the value of these two parcels was not left open for further determination by the trial court upon a return of the cause. Our order specifically stated the matters to be considered by the trial court upon a resubmission and the value of the two parcels in question is not included within our said order. The question of value was foreclosed by the finding of the court in its first order, and by the order of this court upon said appeal. ■ This matter could not be said fairly to come within the language: "The judgment is reversed and the cause is remanded for further proceedings consistent with the views herein expressed." There is a wide discrepancy between the value of parcels 4 and 5 as found by the trial court upon the second hearing and the valuation placed upon said parcels at the first hearing. We have examined the evidence taken at both trials as to value, and we are in nowise impressed with the testimony offered to fix value at the second hearing. The two parcels in dispute are rural lots without valuable improvements upon them and the value placed upon said property at the second trial appears to be grossly excessive. It seems that after the case had been submitted the court reopened it for the purpose of appointing two appraisers who were directed to determine the value of said parcels and report their findings to the court. Said appraisers reported a valuation several thousand dollars beyond that originally found by the court and from which no appeal had been taken by the defendant. We feel that it is not necessary to enter into a discussion of the merits of this case, but it may be stated in general that the equities seem to be largely with the plaintiff, who advanced the sum of $4,682.31 to defendant, who was his cousin, many years prior to the commencement of the action. It may be observed that the conduct of the parties strongly tends to support plaintiff's testimony to the effect that a final settlement had been made several years before the commencement of the action between plaintiff and defendant as to their entire business relations and defendant did in fact surrender to plaintiff all of his right

and interest to the property in suit, with the intention and understanding that the entire transaction was at an end. While the trial court felt that the testimony of the defendant was sufficient to create a conflict as to this issue, it is very doubtful if the greater weight of the testimony does not in fact support plaintiff's contention of previous settlement of all business transactions between said parties.

Upon the record presented we are of the view that the order made by this court did not reopen the case as to the value of said two parcels of land, and that the judgment should be reversed with directions to the lower court to enter a judgment in the form of the judgment appealed from, except as to the amount required to redeem. That amount shall be computed as follows: The sum of $8,930.24, found due for principal, interest and taxes up to June 9, 1925, by the decree first appealed from, plus interest on said sum and the amount of further advances made by plaintiff from June 9, 1925, to the time of redemption, with interest from date on said advances. Credit for the value of two parcels transferred in the sum of $400 has already been allowed defendant in computing the figure of $8,930.24.

With this direction, the judgment is reversed.

Shenk, J., Waste, C. J., Curtis, J., Langdon, J., Preston, J., and Tyler, J., *pro tem.*, concurred.