[Civ. No. 8946. First Appellate District, Division One.—November 17, 1933.]

J. C. BOOTH, Respondent, v. WILFORD M. TAYLOR, Appellant.

Leslie S. Bowden and Oliver J. Marston for Appellant.

Chambers & Lyman for Respondent.

JAMISON, J., *pro tem.*—Plaintiff brought this action to quiet title to certain real property. The defendant Wilford M. Taylor answered the complaint, denying the ownership of plaintiff, and set up a cross-complaint alleging ownership in himself, asking that the title to said property be quieted in him. Judgment went for plaintiff and cross-defendant. From this judgment defendant Taylor appealed. The facts of this case are not disputed and are as follows:

Appellant, desiring to borrow $2,000 from the Hollywood National Bank, requested respondent to indorse his note to said bank for that sum. Respondent indorsed the said note and to secure him for same appellant executed and delivered to him a deed to the property in controversy upon respondent's agreement to reconvey said property to appellant upon payment of the said note, and in the event that respondent was compelled to pay said note, then appellant was given one year after such payment by respondent to redeem the said property. Respondent was compelled to pay the said note and after the expiration of the one year from the date of said payment he took possession of said real property. Thereafter, on October 2, 1929, he commenced this action.

On July 17, 1930, the trial court made findings substantially covering the foregoing statement of facts and entered an interlocutory decree in which it was provided that there should be an accounting to determine the amount due and owing to plaintiff upon the said agreement and giving defendant until June 10, 1931, to pay same. Thereafter, on February 10, 1931, the said appellant and respondent agreed, in open court, that the amount due and owing to respondent from appellant was the sum of $2,500 and thereafter, the appellant having failed to pay the same as provided in the said interlocutory decree, the court on June 23, 1931, made its final decree quieting respondent's title to said property.

Appellant contends that the trial court was without jurisdiction to enter the decree quieting the title in favor of respondent, and therefore the said decree is void on its face. In support of this contention he cites authorities to the effect that the equitable owner of real property cannot

quiet his title against the legal owner. While there can be no question that this is the settled law in this state (22 Cal. Jur., sec. 6, p. 111, and authorities cited), yet by the entry of the interlocutory decree, and giving to appellant a reasonable and specified time to repay to respondent the ascertained sum owing to respondent, the court was authorized, upon the failure of appellant to pay same within the time so fixed, to enter the decree quieting title in respondent's favor.

In *Bloom* v. *Bloom,* 207 Cal. 70 [276 Pac. 568], which was a case similar to the one at bar, the court said: "Under the circumstances here shown, the trial court should have entered an appropriate interlocutory judgment requiring the defendant to pay the amount found to be due the plaintiff within a specified reasonable time; that upon such payment within the time specified the defendant would be entitled to a reconveyance and that in default of payment within such time the plaintiff would be entitled to a decree quieting his title. Such a procedure was outlined and an interlocutory judgment was by the trial judge actually ordered to be prepared in accordance with a memorandum opinion filed in the case. This procedure, however, was not followed, but a final judgment was signed and entered with the infirmity above indicated."

In the instant case no such infirmity existed. The trial court by its interlocutory decree, made on December 10, 1930, after providing in what manner the amount owing to respondent by appellant should be determined, then specified June 10, 1931, as the date when the payment should be made. In the meantime, on February 10, 1931, it was agreed between the parties in open court that the amount due from appellant to respondent was the sum of $2,500. Thereafter, on June 23, 1931, on motion of respondent, the appellant having failed to make the payment aforesaid, the trial court rendered its final judgment quieting the title in favor of respondent. In the recent case of *Warden* v. *Nahas,* 212 Cal. 740 [300 Pac. 815], which was a similar case in all respects to the case at bar, the Supreme Court reversed the lower court for the reason that no definite time was specified for the payment to plaintiff of the amount owing to him by defendant, and ordered that a definite time be fixed for such payment; that upon failure

of defendant to make same a decree be entered quieting plaintiff's title. In the instant case appellant had over six years in which he could have redeemed said property, but apparently he made no effort to do so.

We are of the opinion that the judgment should be affirmed, and it is so ordered.

Tyler, P. J., and Knight, J., concurred.