[Civ. Nos. 9762, 9835. Second Appellate District, Division Two.—December 3, 1934.]

BARBARA HAUG et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents. (Two Cases.)

E. Neal Ames for Petitioners.

Everett W. Mattoon, County Counsel, S. V. O. Prichard, Deputy County Counsel, and Roy A. Linn for Respondents.

SCOTT, J., *pro tem.*—Petitioners herein brought an action entitled *Haug* v. *Carrie A. Fairbanks* (L. A. Co. 342853) asking that a deed by them to said defendant, which was absolute in form, be declared by the trial court to be a conveyance transferring title to the property therein described to defendant in trust for plaintiffs. Defendant answered praying that the deed be held absolute and for general relief. Judgment for defendant was rendered, in terms hereinafter discussed, decreeing the deed to be a mortgage. The trial court later made an order *nunc pro tunc* to amend the judgment as originally signed. This proceeding in *certiorari* is to review the said *nunc pro tunc* order. After the said order and pursuant to the amended judgment, the court ordered a sale of the property as upon a mortgage foreclosure, and the prohibition proceedings herein were instituted to keep the court from carrying into effect its purpose of having the property thus sold.

At the conclusion of the trial the court found that said defendant had loaned certain money to plaintiffs and the latter had given defendant a deed to the property. In its judgment the court required defendant to execute a deed conveying the property to plaintiffs and ordered the latter to execute notes to defendant for the amount of the latter's loan to them and to execute mortgages on the said property to defendant to secure the same. In the judgment as originally signed no alternative action was decreed by the court in the event either party failed or refused to

execute and deliver the instruments as required. No motion for new trial was made and no appeal was taken from that judgment as originally signed and entered.

About a year after entry of the judgment as originally signed, the trial court made the said order, *nunc pro tunc*, "for amendment to judgment", which recited: "It appearing to the court that the judgment heretofore entered by the clerk in the above action is not a correct memorial of the judgment and order rendered and announced by this court herein", and then set out certain portions wherein said judgment originally entered was incomplete. Among the deficiencies therein which were thereupon supplied were the following words: "that the court retain jurisdiction of the matter and the parties until its orders have been carried out or until further order of this court". Thereafter, upon a hearing at which both parties were represented, a minute order was made and entered as follows: "Defendant's motion to adjudge plaintiffs guilty of contempt for their refusal to carry out the terms of the judgment heretofore entered is denied. Motion of defendant for the court to compel plaintiffs to execute the notes and mortgages is denied. Motion of the defendant that the property described in judgment be ordered sold to reimburse defendant for moneys heretofore loaned, advanced and expended for plaintiffs is granted." The writ of prohibition here considered seeks to preclude the lower court from signing the written order for sale conforming to such minute order just quoted.

The case is one in which both parties have applied to a court of equity not alone for the remedy to which each conceived himself to be entitled, but for an ascertainment and declaration of their respective rights, as indicated by the prayer for general relief in both complaint and answer. The trial court found the apparent deed to be in truth a mortgage, and found the rights of plaintiffs to title to the property to be subject to defendant's rights as creditor to have her money or her security therefor in the land. The order for the defendant to execute her deed and for plaintiffs to execute notes and mortgages for the amounts due defendant, and for the appropriate exchange and delivery of these documents, was in import and effect merely an interlocutory order. It gave the parties an opportunity

to do that which equity deemed fair and just, and following that interlocutory judgment there was no motion for new trial ·or appeal.

The intention of the trial court to retain jurisdiction of the parties and the subject matter is as evident from a reading of the judgment as at first entered as it was when that specific language was later added *nunc pro tunc*. ■ Upon failure of plaintiffs to execute and deliver the notes and mortgages as provided by the court, their right to the benefit of the interlocutory order was ended and the trial court would have been at liberty to dismiss the case. (*Cowing* v. *Rogers*, 34 Cal. 648.) Such action was not the only course which the court could pursue. In doing complete equity between the parties it could make such other or further order as would make effectual its original determination, provided it did not do more than divest plaintiffs of the equitable title which they sought to have declared and which by their failure to comply with the court's order they lost. The court would be well within its jurisdiction in ordering (1) sale of the property on behalf of defendant, (2) the payment to defendant of so much of the proceeds as might be necessary to satisfy her claim as theretofore determined by the court, and (3) the payment to plaintiffs of any balance of the sale price as remained over after the satisfaction of defendant's account. If there were no such balance there would in any event be no deficiency award to defendant against plaintiffs in this action, under the record as it has been presented to us.

■ It is apparent that the *nunc pro tunc* order correcting the judgment was proper under the rule announced in *Kowalsky* v. *Nicholson*, 23 Cal. App. 160 [137 Pac. 607]. Such an amendment served to correctly express the true intention and order of the court as originally made. It did not enlarge the rights or burdens of either party. Under the authority of *Cowing* v. *Rogers, supra,* and *Bloom* v. *Bloom*, 207 Cal. 70 [276 Pac. 568], it is apparent that the determination by the trial court of the case in question is proper and within its jurisdiction. ■ It would ap-·pear that plaintiffs are not entitled under the authorities just cited to an equity of redemption, and that the omission of such a provision from the proposed order of sale

would not divest them of any right which they now have or to which they are entitled.

In Civil No. 9835 the order is affirmed. In Civil No. 9762 the alternative writ is discharged and a peremptory writ denied.

Stephens, P. J., and Crail, J., concurred.

An application by petitioners to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 31, 1935.