[Civ. No. 11320. Second Appellate District, Division One.—August 4, 1937.]

EVA J. KNIGHT, a Minor, etc., et al., Appellants, v. WILLIAM L. FITCH et al., Respondents.

Nadia Williams for Appellants.

W. I. Gilbert for Respondents.

THE COURT.—The two minor appellants were awarded damages for personal injuries sustained by them as the result of an automobile accident which was caused by the wilful misconduct of the defendants. Since this appeal is prosecuted by the minor plaintiffs on the issue of damages only, upon the ground that the award is inadequate to compensate them for the injuries sustained, we deem it unnecessary to incorporate in this opinion a detailed statement as to the manner in which the accident occurred and will, therefore, confine ourselves to those facts relating to the injuries for which the awards were given.

It was adduced by evidence at the trial, which took place a little more than six months after the accident occurred, that Eva J. Knight, a minor of the age of 15 years, received a cut on the right eye and a cut on the right corner of the upper lip, both cuts requiring suturing, and that she lost four upper teeth and two lower teeth. The attending physician testified that X-rays were taken of her mouth and that these indicated the absence of the teeth and "one very definite fracture line across the alveolar process; . . . that the teeth were broken out, . . . breaking the jaw"; that she was a high-strung girl, "quite nervous and jittery", and that he rendered a bill for services in the sum of $150. It was also shown that before the accident she was "all right . . . always in good spirits", but that subsequent thereto she had lost weight, and was somewhat nervous, was easily irritated and cried "at the least little emotion". The evidence also showed that Lucille Talbott, aged 15 years, received a contusion and abrasion of her left knee, bruises on the shoulder and arm, and a minor abrasion on the forehead; prior to the accident her health was "all right" and subse-

quent thereto she became nervous and upset. Her mother testified that "she sits down and tears up her handkerchief and chews her fingernails . . . doesn't sleep at night".

Upon conclusion of the trial the court gave judgment to plaintiff Eva J. Knight for $950 and to plaintiff Lucille Talbott for $387. Thereafter they made a motion for a new trial on the ground that the evidence was insufficient to justify the judgment and that the award of damages was inadequate, which motion was by the court denied. Appellants gave notice of appeal from this order, therefore the propriety of the court's action in refusing a new trial is properly reviewable on appeal from the judgment under section 956, Code of Civil Procedure. (*Lambert* v. *Kamp*, 101 Cal. App. 388, 390 [281 Pac. 690].) But in their briefs they submit "that the judgment in favor of plaintiffs be corrected and modified awarding an amount which will adequately compensate the plaintiffs for the injuries suffered, *without subjecting them to further delay and expense of a new trial*". (Italics added.) Because we believe the evidence and findings amply support it and that the judgment should therefore be sustained, this point becomes immaterial.

■ The determination of the amount of damages to be awarded as compensation for personal injuries is a matter within the province of the jury and will not be interfered with unless an abuse of discretion clearly appears. The same rule applies to a case, as here, where the trial judge sits as the trier of facts without a jury. "It is difficult to determine just what state of facts will warrant a trial court in setting aside the verdict of a jury on the ground that the award is inadequate or what record will justify an appellate court in reversing a judgment on that ground. . . . From the very necessity and uncertainties of the situation, a jury is accorded a wide latitude and an elastic discretion in assessing damages as compensation for personal injuries. We know of no equitable or accurate means of measuring the damages under such circumstances, except to rely upon the sound judgment of the jurors. Under the facts of this case (one in which $3,000 in damages was awarded for serious and possibly permanent injuries, i. e., fractured vertebra causing a lateral curvature of the spine), we are unable to say as a matter of law that the judgment is inadequate or that the award is so grossly insufficient as to lack support of the evidence and

require a reversal on that account." (*Phillips* v. *Lyon*, 109 Cal. App. 264, 268–270 [292 Pac. 711, 713].)

It is only when the verdict is so small as to indicate passion or prejudice or other improper influence or considerations that the court will interfere. (*Montgomery Light & Traction Co.* v. *King*, 187 Ala. 619 [65 So. 998, Ann. Cas. 1916B, 449, L. R. A. 1915F, 492].) To warrant a reversal for insufficient damages, the evidence must clearly show that the jury could not have fairly returned the verdict. (5 Cor. Jur., sec. 658.)

It is shown by the evidence in the instant case that the injuries sustained by appellants were minor in character with the possible exception of loss of teeth by appellant Knight; as to her we are unable to say as a matter of law that the judgment for $950 lacks support of the evidence or is inadequate to compensate her for such loss. Neither do we believe that the judgment for $387 in favor of appellant Talbott is inadequate to compensate her, in view of the slight injuries she sustained by reason of the accident in question.

Respondents raise the point that appellants' failure to comply with section 650, Code of Civil Procedure, precludes this court from hearing this appeal upon its merits. Appellants attempt to justify such apparent failure by a statement in their reply brief to the effect that the transcript on appeal in this case was prepared in accordance with section 953a, Code of Civil Procedure, to which respondents had objected on the ground that all the testimony of the case must be presented under that section even though the appeal was from only a portion of the judgment; that months were consumed in motion to dismiss and presentation of points and authorities before it was held by the trial court that the procedure taken by appellants was erroneous and that the matter must be presented on a bill of exceptions; that respondents refused to stipulate to the filing of a bill of exceptions and appellants moved the trial court under section 473, Code of Civil Procedure, to be relieved from the mistake in procedure, and it was only upon the hearing of said motion and authorities submitted to the trial court that the bill of exceptions was finally engrossed. We are unable to see in what respect respondents have been prejudiced by the delay. Suffice to say, because of the silence of the record as to just what steps were taken before the bill

of exceptions was finally settled, we have deemed it advisable, in this instance, to decide the appeal upon its merits.

The judgment is affirmed. The appeal from the order denying the motion for a new trial is dismissed.