[L. A. No. 16381.   In Bank.—September 29, 1938]

SARAH A. NEWCOMB, Appellant, v. CITY OF NEWPORT BEACH (a Municipal Corporation), Respondent.

P. E. Keeler, James W. Bell and Edward V. Jones for Appellant.

Roland Thompson for Respondent.

SEAWELL, J.—This is the second appeal in this action. In 1931 plaintiff succeeded to the title of the patentee of two tideland lots in Newport bay. At the time of issuance of the patent by the state in 1907, and for many years thereafter, said lots constituted an island in the bay at low tide, but at high tide were completely submerged to such a depth that rowboats could navigate over them. In 1927 the state granted to the City of Newport Beach its interest in certain tidelands of Newport bay, in trust to establish, improve and conduct a harbor. Thereafter extensive dredging was done to improve the harbor, with the result that the two lots were dredged and are now submerged at all times.

The purpose of plaintiff in bringing the action was to obtain an adjudication that the city was without right to make any ''physical changes or improvements in the land without the exercise of eminent domain''. The trial court sustained plaintiff's contention. In reversing the judgment we held

that the title of the patentee was subject to the public trust for navigation and commerce, and that the city, by virtue of the grant from the state in 1927, was the administrator of said public trust, with the right to make physical changes and improvements in the interests of commerce and navigation. (*Newcomb* v. *City of Newport Beach,* 7 Cal. (2d) 393 [60 Pac. (2d) 825].)

Upon said appeal the city further contended that the trial court erred in failing to hold that it was the owner in fee of said lots as purchaser at tax sales for delinquent city taxes and county taxes. We held that the city had no title. Its rights as purchaser for delinquent *city* taxes in 1923 were barred by subsequent proceedings for registration of title under the Torrens Title Law, in which the city failed to appear after service on it. The later sale to the city for delinquent *county* taxes was void for the reason that notices of the purchase at the tax sale by the state from the county, and by the City of Newport Beach from the state were not filed with the registrar, as required where land is registered under the Torrens Law. (Sec. 77, 2 Deering's Gen. Laws, [1937], p. 4065.) Said law provides: " . . . Unless such notice is filed as herein provided, the land shall be forever released from the effect of such sale, and no deed shall be issued in pursuance thereof."

An owner may not, however, quiet his title against a void tax sale without payment of the amount paid by the purchaser for taxes, penalties and costs. (*Newcomb* v. *City of Newport Beach,* 7 Cal. (2d) 393, 406 [60 Pac. (2d) 825], citing cases.) Accordingly we reversed the judgment with directions to the trial court to ascertain the amount which plaintiff should pay as a condition to quieting her title, subject to the public trust, with the right in the city to make changes and improvements incident to said trust.

Upon proceedings had pursuant to our reversal it appeared that the amount paid out by the city was $708.75. The trial court provided in conclusions of law filed by it that if plaintiff should pay the sum of $708.75 within five days from the signing of its findings and conclusions a decree should be entered quieting her title, subject to the public trust, but if she failed to pay within said period, "then and in such event defendant, City of Newport Beach, shall be entitled to

a decree of this Court quieting title in it to said described premises. . . . ''

The findings and conclusions were signed and filed on February 10, 1937. Plaintiff's attorney was notified of their filing on March 17, 1937. Plaintiff failed to pay the amount fixed in the findings. On May 15, 1937, the court entered its judgment that the City of Newport Beach was the owner of the two tideland lots. Plaintiff appeals from said judgment.

Upon the hearing held in the lower court after our reversal, plaintiff moved to dismiss the action, which motion the court denied. A dismissal would have denied to defendant city, which had filed a cross-complaint, an adjudication of its right as administrator of the public trust pertaining to said lands to make changes and improvements in the interest of commerce and navigation.

■ Plaintiff further contends that the court was without right to adjudge that defendant city was the owner of the two lots upon her default in paying the sum of $708.75 to said city. This contention is well taken. Upon the first appeal we held that no title vested in said city by virtue of said tax sales. The trial court, acting pursuant to our direction, found the tax sales void. The finding that the sales to the city were void will not support an adjudication that it is the owner of the lots. The owner of property sold for delinquent taxes may not quiet his title without reimbursement of the purchaser at a void tax sale. But it does not follow that if the owner fails to make reimbursement within the time fixed by the court, he forfeits his title to the purchaser. Validity cannot thus be imparted to a void tax sale.

■ The proper decree in the event the owner fails to pay the amount fixed by the court within the time limited is not an adjudication that the purchaser at the void tax sale owns the land, but a denial of any relief to the owner. In the usual situation this is accomplished through a dismissal of the action. (*Gage* v. *Thompson*, 161 Ill. 403 [43 N. E. 1062]; *Alexander* v. *Merrick*, 121 Ill. 606 [13 N. E. 190]; *Brophy* v. *Taylor*, 30 Ill. App. 261; *Larson* v. *Peppard*, 38 Mont. 128 [99 Pac. 136, 129 Am. St. Rep. 630, 16 Ann. Cas. 800]; *Fenton* v. *Minnesota Title Ins. & Tr. Co.*, 15 N. D. 365, 374 [109 N. W. 363, 125 Am. St. Rep. 599].) ■ The owner of property is required to reimburse a purchaser at a void tax

sale only when such owner is afforded affirmative relief quieting his title as against the void tax sale. (*Warden* v. *Ratterree*, 215 Cal. 215 [9 Pac. (2d) 215, 86 A. L. R. 1204, note, p. 1208].)

In the instant case the defendant city properly objects to a dismissal of the whole action for the reason that it is entitled to judgment affirming its right to make changes and improvements in the tideland lots in question as administrator of the public trust for navigation and commerce. This right of the city as administrator of the public trust exists without regard to the private ownership of the fee in the land. The rights of the city in this respect may be protected by dismissing the action only in so far as it involves plaintiff's cause of action to quiet her title.

It cannot be held that the owner of property who fails to make payment within the time fixed by a decree is not prejudiced by a judgment vesting title in the purchaser for the reason that he, the owner, has failed to perform the condition which would have entitled him to a quiet title decree. His title cannot be terminated through the device of vesting it in the purchaser at the void tax sale.

In support of the decree rendered by the trial court herein, defendant city relies on *Warden* v. *Nahas*, 212 Cal. 740 [300 Pac. 815]. Said decision cited only *Bloom* v. *Bloom*, 207 Cal. 70 [276 Pac. 568], as authority for a decree quieting title in the purchaser at a void tax sale upon the owner's failure to reimburse the purchaser within the time fixed. The Bloom case involved not a tax sale, but a deed executed for security purposes, and, therefore, in effect, a mortgage. Our decision recognized the settled rule that upon the failure of the mortgagor to pay the amount fixed to redeem from the mortgage within the time allowed by the court, the mortgagee (grantee in deed) is entitled to a decree of foreclosure where foreclosure is not barred by the statute of limitations. (*Murdock* v. *Clarke*, 90 Cal. 427, 442 [27 Pac. 275]; *Vierra* v. *Fontes*, 135 Cal. 126 [66 Pac. 241]; *Moss* v. *Odell*, 141 Cal. 335 [74 Pac. 999]; *Wadleigh* v. *Phelps*, 149 Cal. 627 [87 Pac. 93]; *Cohn* v. *Cohn*, 1 Cal. (2d) 313 [34 Pac. (2d) 1000]; 18 Cal. Jur. 227.)

It is improper to provide that in default of the mortgagor's complying with the decree, title is quieted in the mortgagee

(grantee), for a decree of forfeiture without foreclosure may not be rendered in this state. (*Byrne* v. *Hudson*, 127 Cal. 254 [59 Pac. 597] ; *Boyce* v. *Fisk*, 110 Cal. 107, 116 [42 Pac. 473].) But we held that the mortgagor in the Bloom case, *supra*, by the form of his answer and prayer for affirmative relief had consented to the entry of a decree forfeiting title to the mortgagee. The decision is not intended to declare a right of forfeiture in the absence of consent of the mortgagor. Certainly it is not authority for the proposition that the effect of an owner's failure to reimburse the purchaser at a void tax sale within the time fixed by the court's decree is to authorize the court to decree that the purchaser at the void tax sale owns the property.

The decision in *Warden* v. *Nahas, supra,* was rendered without the aid of a respondent's brief. The appellant's only brief contained nine pages, six of which were devoted to quotation of portions of the record, such as the court's findings and the decree. In so far as said decision is inconsistent with our conclusion herein it is based on a misapprehension of our holding in *Bloom* v. *Bloom, supra.*

In the instant case it may be doubted whether as a practical matter plaintiff has been prejudiced by the decree forfeiting her title to the city. As noted above, the lands are now totally submerged lands in the bay. It seems inconceivable that plaintiff would ever wish to pay more than $700 to obtain a decree quieting her title to totally submerged lands in a public harbor, subject to the public trust for navigation and commerce. However, the principle of whether an owner's lands may be forfeited to the purchaser at a void tax sale upon the owner's failure to reimburse the purchaser within a period fixed by court decree is a matter of public importance.

The judgment is reversed with directions to the court below to strike from the findings the provisions upholding plaintiff's title and from the conclusions of law the provision for forfeiture of said title to defendant city upon plaintiff's failure to make payment within five days. The court is further directed to enter judgment dismissing the action in so far as it involves plaintiff's claim of title, but upholding the right of defendant city as administrator of the public

trust for navigation and commerce to make changes and improvements incident to the carrying out of said public trust.

Waste, C. J., Shenk, J., Edmonds, J., Houser, J., Curtis, J., and Langdon, J., concurred.