[Civ. No. 3875. Fourth Dist. Nov. 22, 1949.]

EARLE M. BROWN, Appellant, v. ZELMA BUTTS, Respondent.

Porter C. Blackburn for Appellant.

Harmon C. Brown for Respondent.

MUSSELL, J.—Plaintiff appeals from a judgment in his favor in an action brought by him to quiet title to certain real property in the county of Riverside. On October 28, 1939, plaintiff, as owner, agreed to sell and defendant to buy the property involved for the total purchase price of $750, payable as follows: "$30.00 cash, receipt whereof is hereby acknowledged by said party of the first part, and the remainder of $720.00 to be paid in monthly installments of $10.00 per month, beginning November 28, 1939, said payments to be applied first on interest at 7% per annum on the

unpaid balance of principal, and the remainder on said principal, with the further provision that when the balance of principal has been paid, the party of the first part agrees to make a deed to the said party of the second part.'' The agreement, which was in writing, contained provisions for the payment by the purchaser of fire insurance and taxes, and it was further provided therein that if an action was instituted thereon, the purchaser promised to pay such sum as the court might fix as attorney's fees.

The defendant took possession of the property and made the monthly payments due thereon until January 31, 1942, and upon several occasions subsequent to said date and within 90 days thereafter the defendant tendered and offered to pay plaintiff all sums due. Plaintiff refused the tendered payments and thereafter no further offer was made by the defendant until May, 1942, when all payments on principal then due were tendered and offered to plaintiff by defendant. Plaintiff refused this offer and filed the within action to quiet title. The complaint is in the usual form and the answer sets forth the agreement of sale and the refusal by plaintiff to accept the payments tendered shortly after January 31, 1942. It is alleged therein that on or about June 15, 1942, defendant again offered to fully perform her obligations under the contract; that the offer was again refused and that ever since said date plaintiff has refused to accept the payments due under the contract.

No reporter's transcript has been filed herein and the appeal is prosecuted on the judgment roll alone. Under such circumstances, a reversal cannot be ordered except for a fatal error appearing therein. The only question presented is whether the findings support the judgment and the findings must be given such construction as will uphold rather than defeat the judgment. (*Oakley* v. *Rosen*, 76 Cal.App.2d 310, 312 [173 P.2d 55].) We must also assume that the issues upon which findings were made were properly before the court and that evidence was introduced without objection which would support the findings as made. (*Derrer* v. *Keeler Gold Mines, Inc.*, 63 Cal.App.2d 606, 611 [147 P.2d 102].)

The trial court found that the defendant had paid the sum of $300 on the principal of said contract and that the plaintiff credited all the payments so made on the principal and none on interest; that plaintiff paid taxes on the property in the sum of $97.07 and insurance premiums amounting to $45.60,

and that no demand was ever made by plaintiff for the payments of these amounts; that there was a balance of $450 due to plaintiff on account of the principal sum payments under said contract as of the 31st day of January, 1942, and that the plaintiff was entitled to the taxes and insurance payments, making in all a sum of $592.67. The court further found that the plaintiff was the owner of the property described in the complaint, subject to the rights of the defendant as the equitable owner thereof and subject to the payment of said sum of $592.67. The court found that on several occasions within 90 days subsequent to January 31, 1942, defendant tendered and offered to pay plaintiff the sum of $30 for the monthly payments due to the date of the offer, which payments were refused by the plaintiff. It was further found that the defendant, in the month of May, 1942, tendered payment of all accrued payments on principal at the rate of $10 per month but that plaintiff refused to accept the said payments so offered and that defendant made no offer of payment of any sum or sums under said contract thereafter. The judgment was that the plaintiff recover the sum of $592.67 from the defendant, upon receipt by defendant from plaintiff of a good and sufficient deed to the real property.

It is apparent that under the terms of the contract the plaintiff was entitled to interest at the rate of 7 per cent on the unpaid balance of principal from October 28, 1939, to January 31, 1942, and that the trial court erred in failing to include such interest in the judgment. It is also evident that the judgment is erroneous in that it does not fix the time for the payment by the defendant of the sums due on the contract or the date of delivery of the deed by plaintiff. (*Warden* v. *Nahas,* 212 Cal. 740, 741 [300 P. 815]; *Bloom* v. *Bloom,* 207 Cal. 70, 72 [276 P. 568].)

The plaintiff contends that the trial court erroneously refused to allow him attorney's fees as provided in the contract. This contention is without merit. The court properly found that the plaintiff was not entitled to attorney's fees. Such fees are in the nature of special damages and to entitle plaintiff to recover therefor, there must be pleadings and proof to support such recovery. (*Prescott* v. *Grady,* 91 Cal. 518, 522 [27 P. 755]; *Brooks* v. *Forington,* 117 Cal. 219, 221 [48 P. 1073].) Furthermore, the action in the instant case is not founded on a contract providing for attorney's fees but was brought by plaintiff to quiet title to real property.

The judgment herein should have provided that the plaintiff was the owner of the property subject to the defendant's rights under the contract to purchase (*Williams* v. *Rush*, 134 Cal.App. 554, 560 [25 P.2d 888]) and that the defendant was entitled to a deed to the property upon payment of the sums due on the contract within a reasonable time, which time should have been fixed by the court.

The judgment is modified by changing the amount awarded to plaintiff from $592.67 to $711.42, which said sum includes taxes, interest, costs, insurance premiums and balance of principal. It is further modified by adding a provision that plaintiff shall deed the property to the defendant when said amount is paid and that if said amount shall not have been paid by defendant within 30 days after the decision of this court becomes final, then in that event judgment shall be entered in favor of plaintiff quieting his title to the property. As so modified, the judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.