[Civ. No. 23676. Second Dist., Div. Three. Dec. 16, 1959.]

BENJAMIN BERNSTEIN, Appellant, v. JAMES E. CUN-
NINGHAM et al., Respondents.

284

Bernard Reich and Samuel A. Rosenthal for Appellant.

Veatch, Thomas & Carlson and Henry F. Walker for Respondents.

SHINN, P. J.—The present action was instituted by Bernstein against Cunningham and Rheingold Brewing Company seeking damages for injuries to plaintiff when the car which he was driving was struck in the rear by the car driven by Cunningham allegedly as the agent of Rheingold. In a nonjury trial judgment of nonsuit was rendered in favor of Rheingold and findings and judgment were in favor of plaintiff against Cunningham in the amount of $1,500. In ruling upon plaintiff's motion for a new trial the court modified its find-

ings and judgment and substituted the amount of $2,500 for the sum previously awarded and also gave plaintiff judgment against Cunningham for costs in the amount of $155.05.

Rheingold filed a memorandum of costs claiming $181.75. Plaintiff's motion to tax costs and strike the cost bill was denied in part but the amount claimed was reduced to $59.36. Plaintiff appeals from the judgment and the order denying his motion to strike the cost bill. The appeal is on the clerk's transcript.

The first ground of appeal is inadequacy of the damages, and the claim is based entirely upon the court's findings.

In addition to finding the facts of the accident and negligence of Cunningham the court made the following findings:

" '4. Plaintiff made no complaint of personal injuries nor were any apparent immediately after the occurrence; although the next day plaintiff had a transient pain across his upper back and shoulders. . . .

" '6. It is true that for some time prior to the said occurrence but unknown to the plaintiff, his family and his fellow employees, plaintiff suffered from an extensive osteoarthritis of the cervical spine with degenerative changes in the cervical discs; but this condition was quiescent and asymptomatic prior to the said occurrence.

" '7. It is true that while the collision was not severe, plaintiff did suffer as a proximate result thereof a whiplash injury to his cervical spine which precipitated over a pre-existing quiescent condition severe and acute cervical vertebral derangement associated with brachialgia and which gave rise to severe symptoms which he has had and is still having.

" '8. It is true that after the transient pain on May 9, 1956, plaintiff suffered no pain or discomfort until July and that he postponed obtaining medical help to September, 1956, because of an accident to and subsequent death of his mother. Subsequently he received traction at the doctor's office, at home and in the hospital. He wore an orthopedic collar for approximately four months and is still undergoing home traction. He incurred special damages of approximately $1,000.00 by way of medical and hospital care, orthopedic appliances and drugs. He suffers and will continue to suffer limited motion of the head and neck one third of normal. From July, 1956, to on or about May 1, 1958, plaintiff suffered from severe pain and discomfort. The pain has since

subsided, but returns with any sudden movement of the head and neck.

" '9. It is true that said injuries are of a permanent nature and that were it not for the pre-existing condition plaintiff would be entitled to substantial damages; but it is not true that all of said injuries are the result of the said occurrence. The Court finds that by reason of the said negligence of the defendant Cunningham plaintiff has been damaged in the sum $2,500.00

of $1,500.00. [as amended, p. 12, line 29].' "

As far as is reasonably possible these findings should be given an interpretation in a manner which tends to support the judgment. (*Brown* v. *Butts*, 94 Cal.App.2d 747 [211 P.2d 366].) As thus interpreted they mean that plaintiff suffered from an arthritic condition which was quiescent and caused him no pain; as a proximate result of the collision he suffered an injury which developed a condition which was characterized by pain and limited the motion of his head and neck, which condition will be permanent; the pain and limitation of motion are due to the arthritic condition aggravated by the injury; the present condition is not an entirely new one.

The court has found that $2,500 would compensate plaintiff for the detriment proximately caused by the accident. Necessarily this finding means that although that sum would be inadequate to compensate plaintiff in full for his present condition, a major part of his disability is the result of his preexisting arthritic condition. These findings, as well as all others, must be conclusively presumed to have had support in the evidence.

The case being one of aggravation of a preexisting condition, the question is whether plaintiff is entitled to full compensation for the detriment he now suffers. The findings and the judgment, considered together, clearly indicate that the trial court determined that plaintiff would not be suffering pain and limitation of motion if it were not for the arthritis which did not result proximately, or at all, from the injuries received in the accident.

Plaintiff's right to compensation, of course, can not exceed the amount of defendant's liability for the proximate results of his negligence. As we understand plaintiff's contention it is that the court was powerless to make a determination with respect to the detriment to plaintiff which resulted from the accident and that which resulted from the preexisting arthritic condition. He quotes from the case of *Taylor* v. *Pole*, 16 Cal.2d

668 [107 P.2d 614], as if the court's opinion held that such a segregation of conditions due to one cause or the other is medically and legally impossible and that a court is precluded from undertaking that segregation. The holding of the case is to the contrary. ■ The opinion states the true rule as follows (pp. 672, 673): "Obviously there is no rule by which either expert or laymen may measure the precise degree, if any, to which a pre-existing pathological condition has been aggravated, or to which the patient has exaggerated the aggravation. The mental elements which must be taken into account with other elements in determining a just admeasurement of compensatory relief afford no definite or certain criterion by which the amount to be assigned to the one item or the other may be ascertained. (*Eldridge* v. *Clark & Henery Const. Co.,* 75 Cal.App. 516, 535 [243 P. 43].) From the very necessities and uncertainties of the situation, the segregation of the items which combine to form the full measure of actual injury is a matter for the exercise by the jury of its unbiased judgment, and in assessing the damages it is accorded a 'wide latitude' and an 'elastic discretion.' (*Knight* v. *Fitch,* 22 Cal.App.2d 252, 254 [70 P.2d 976].) As stated in *Eldridge* v. *Clark & Henery Const. Co., supra,* at pages 536, 537: '. . . In cases of this class there is no scale by which the damages are to be graduated with certainty. They admit of no other test than the intelligence of a jury, governed by a sense of justice. . . .' "

The principle has been applied in other cases in our jurisdiction. (*Rideau* v. *Los Angeles Transit Lines,* 124 Cal.App.2d 466 [268 P.2d 772]; *Matthews* v. *Atchison, T. & S. F. Ry.,* 54 Cal.App.2d 549 [129 P.2d 435]; *Guillory* v. *Godfrey,* 134 Cal.App.2d 628 [286 P.2d 474]; *Harris* v. *Los Angeles Transit Lines,* 111 Cal.App.2d 593 [245 P.2d 35].) It is the only rule in cases of aggravation of existing conditions by which the liability of the wrongdoer can be justly measured in terms of money.

It was held in *Taylor* v. *Pole, supra,* that the difficulty of adjusting the detriment due to a preexisting condition and that due to a subsequent injury could not deprive the injured person of compensation for the latter. The same rule protects the wrongdoer from liability for a condition which was not the result of his wrong. When liability is established damages must be assessed upon the basis of the best evidence obtainable.

The trial judge reconsidered the amount of the judgment

in ruling on plaintiff's motion for a new trial and increased it from $1,500 to $2,500. It is not questioned, nor could it be, that the amount awarded is reasonable and fair compensation for plaintiff's injuries which were the proximate result of the accident. Although plaintiff incurred medical expenses of $1,000 the court no doubt concluded that only a minor part of this expense was necessitated by the injuries suffered in the accident. (*Harris* v. *Los Angeles Transit Lines, supra.*)

Rheingold's motion for nonsuit was granted and the order was duly entered in the minutes May 29th. Notice of entry of judgment was given plaintiff June 3rd. Plaintiff did not move for a new trial as to Rheingold. Plaintiff's motion relative to costs was filed June 10th and was denied June 24th. Plaintiff's notice of appeal from this order was filed September 19th. No other notice of appeal was given. The order of June 24th was appealable. (Code Civ. Proc., § 963; *Harpke* v. *Lankershim Estate,* 101 Cal.App.2d 49 [224 P.2d 899]; *Markart* v. *Zeimer,* 74 Cal.App. 152 [239 P. 856].) The time for appeal expired 60 days after that date. That purported appeal should be dismissed.

The judgment is affirmed; the purported appeal from the order respecting costs is dismissed.

Vallée, J., and Ford, J., concurred.