108 189<br>121 351

[No. 19485.    Department One.—July 19, 1895.]

## THE CITY OF SAN DIEGO, RESPONDENT, v. THE LINDA VISTA IRRIGATION DISTRICT ET AL., APPELLANTS.

CONSTITUTIONAL LAW—MUNICIPAL CORPORATIONS—EXEMPTION FROM TAX-ATION—PUEBLO LANDS—ASSESSMENT BY IRRIGATION DISTRICT.—An assessment by an irrigation district upon the pueblo lands of a city situ-ated within the district, which are unoccupied and uncultivated lands, susceptible of cultivation by irrigation, and which would be benefited thereby, is not a tax within the meaning of section 1 of article 13 of the constitution, exempting property of municipal corporations from taxation, and such pueblo lands may be sold by the irrigation district for unpaid assessments thereon.

ID.—EXTENT OF EXEMPTION FROM TAXATION.—The exemption of municipal property from taxation relates to general county and state taxes, and has no reference to assessments for improvements made under special laws of a local character.

ID.—IMPLIED EXEMPTION.—There can be no implied exemption of municipal property from taxation or assessment which is not held or used for municipal purposes, or devoted to a specific public use.

ID.—POWER OF LEGISLATURE OVER PUEBLO LANDS.—The legislature may empower a city to sell its pueblo lands, and may make it liable for an assessment for its proportion of expense incurred to secure a local ben-efit.

APPEAL from a judgment of the Superior Court of San Diego County. E. S. TORRANCE, Judge.

The facts are stated in the opinion.

*Gibson & Titus,* for Appellant.

The assessment does not fall within the prohibition of section 1 of article XIII of the constitution, which provides that property belonging to a municipal corporation "shall be exempt from taxation." This is an assessment and not a tax. (*Hagar* v. *Supervisors of Yolo County,* 47 Cal. 234; *Burnett* v. *Mayor of Sacramento,* 12 Cal. 76; 73 Am. Dec. 518; *Emery* v. *San Francisco Gas Co.,* 28 Cal. 345; *Egyptian Levee Co.* v. *Hardin,* 27 Mo. 495; 72 Am. Dec. 276; *Yeatman* v. *Crandall,* 11 La. Ann. 220; *Wallace* v. *Shelton,* 14 La. Ann. 498, in support thereof; *Turlock Irr. Dist.* v. *Williams,* 76 Cal. 360; Welty on Assessments, 2.) The term "taxation" does not include within its meaning an assessment for local improvements. (Elliott on Roads and Streets, sec. 370; *Burnett* v. *City of Sacramento, supra,* which was a street assessment case; *Emery* v. *San Francisco Gas Co., supra; Hagar* v. *Supervisors of Yolo County, supra.* Also see *Tregea* v. *Owens,* 94 Cal. 317; *Bloomington etc. Assn.* v. *People,* 139 Ill. 16; *Winona etc. R. R. Co.* v. *Watertown,* 1 S. Dak. 46; *Louisville* v. *Commonwealth,* 1 Duvall, 295; 85 Am. Dec. 624; Sedgwick on the Construction of Statutory and Constitutional Law, 426, note; *Hassan* v. *City of Rochester,* 67 N. Y. 530; *Mayor of Troy* v. *Mutual Bank,* 20 N. Y. 390; *American Tr. Co.* v. *City of Buffalo,* 20 N. Y. 388; *People* v. *Mayor of Brooklyn,* 4 N. Y. 419; 55 Am. Dec. 266; *State* v. *Linn County Court,* 44 Mo. 504; Cooley on Taxation, 207–209, 650, 653; Black on Tax Titles, 97; 2 Coke's Institutes, 232; Carthew's Reports, 438; *Ames* v. *City of San Diego,* 101 Cal. 390; *Essex County* v. *Salem,* 153 Mass. 142.) In the absence of any express exemption of the property from taxation, an exemption can be implied only when the property is actually appropriated to public uses. (*Proprietors of South Congregational Meeting House* v. *Lowell,* 1 Met. 538; *Worcester* v. *Western R. R. Corp.,* 4 Met. 564; *Pierce* v. *Cambridge,* 2 Cush. 611; *Wayland* v. *County Commrs.,* 4 Gray, 500; *Worcester County* v. *Mayor*

*etc. of Worcester*, 116 Mass. 193; 17 Am. Rep. 159; *Boston Society etc.* v. *Boston*, 129 Mass. 178; *St. Louis Public Schools* v. *St. Louis*, 26 Mo. 468; *Sioux City* v. *Independent School Dist.*, 55 Iowa, 150.)

*William H. Fuller*, and *Clarence L. Barber*, for Respondent.

The lands assessed and sold by appellants were municipal lands, situate within the city limits, and are exempt from taxation under section 1 of article XIII of the constitution. (Const., art. XIII, sec. 1; Pol. Code, sec. 3607; *Burke* v. *Badlam*, 57 Cal. 600, 601; *Low* v. *Lewis*, 46 Cal. 549, 550.) The word "tax" within the meaning of the constitution includes "assessments." (Anderson's Law Dictionary, 80, 1006; *Turlock Irr. Dist.* v. *Williams*, 76 Cal. 360.) The provisions of the irrigation law upon the subject of taxing or assessing property must be construed as referring to and meaning private property and persons, and not including public property, nor the state, or any subordinate part of the state government, such as counties, towns, and municipal corporations. (*People* v. *Doe*, 36 Cal. 222; *In re Madera Irr. Dist.*, 92 Cal. 296; 27 Am. St. Rep. 106; *City of Meridian* v. *Phillips*, 65 Miss. 362; *United States* v. *Railroad Co.*, 17 Wall. 322; Irrigation Law, sec. 17; Stats. 1886-87, p. 37; Cooley on Taxation, 2d ed., 72; *Board of Improvement* v. *School Dist.*, 56 Ark. 354; 35 Am. St. Rep. 108; *Worcester County* v. *Mayor of Worcester*, 116 Mass. 193; 17 Am. Rep. 159; *City of Atlanta* v. *First Presbyterian Church*, 86 Ga. 730; *County Commrs.* v. *Board etc.*, 62 Md. 127; *Toledo* v. *Board of Education*, 48 Ohio St. 83; *Edgerton* v. *Huntington School Tp.*, 126 Ind. 261.)

HAYNES, C.—The city of San Diego brought this action against said irrigation district and its directors and officers, to quiet its title to several parcels of land, containing in all nearly three thousand acres. The defendants answered the complaint, alleging its organization under the act of March 7, 1887, "to provide for the

organization and government of irrigation districts,"
etc. (Stats. 1887, p. 29), and the acts amendatory thereof.
The district was organized August 24, 1891, and in 1892
it made an assessment upon all the lands in said district,
including those of the plaintiff described in the com-
plaint, and plaintiff having failed to pay the assessment
so made upon its said lands, the same were sold on Febru-
ary 23, 1893, to the said irrigation district.   These lands
were described in the complaint as pueblo lands of the
said city, and the answer alleged " that said real property,
consisting of lands owned by said plaintiff, was acquired
by it as pueblo lands, and held as such until the sale
thereof as hereinafter stated, and that said lands now
are, and at all the times herein referred to were, dry,
vacant, unoccupied, and uncultivated agricultural lands,
susceptible to cultivation by irrigation, and would be
largely benefited by irrigation; that they could not and
cannot be profitably cultivated without irrigation, and
are practically valueless for any other uses than agri-
cultural and horticultural."

Plaintiff demurred to defendant's answer, the demurrer
was sustained, and, defendants declining to amend, judg-
ment went against them, and they appeal therefrom.

The question to be determined is whether such lands
as are described above, situated within an irrigation
district, are exempt from assessment by such district,
because they are owned and held by a municipal corpo-
ration.

Respondent contends that said assessment is a tax, and
that these lands are exempt from taxation under section
1 of article XIII of the constitution, which reads as fol-
lows: " All property in the state, not exempt under the
laws of the United States, shall be taxed in proportion to
its value, to be ascertained as provided by law.   The word
' property,' as used in this article and section, is hereby
declared to include moneys, credits, bonds, stocks, dues,
franchises, and all other matters and things, real, per-
sonal, and mixed, capable of private ownership; pro-
vided, that growing crops, property used exclusively for

public schools, and such as may belong to the United States, this state, or any county or municipal corporation within this state, shall be exempt from taxation."

Section 3607 of the Political Code repeats the above exemption; but we are not referred to any other statutory provision exempting property from taxation.

But the assessment, to satisfy which the lands in question were sold, is not a tax within the meaning of said provision of the constitution. The act under which the Linda Vista district was organized authorizes the formation of districts where the lands of the different owners are "susceptible of one mode of irrigation from a common source, and by the same system of works." The district, when formed, is a local organization to secure a local benefit to be derived from the irrigation of lands from the same source of water supply, and by the same system of works. It is, therefore, a charge upon lands benefited or capable of being benefited by a single local work or improvement, and from which the state, or the public at large, derives no direct benefit, but only that reflex benefit which all local improvements confer.

In *Taylor* v. *Palmer*, 31 Cal. 241, 255, the court defined the term "assessment," as distinguished from "taxation," thus:

"It is not a power to tax all the property within the corporation for general purposes, but the power to tax specific property for a specific purpose. It is not a power to tax property generally, founded upon the benefits supposed to be derived from the organization of a government for the protection of life, liberty, and property, but a power to tax specific property founded upon the benefits supposed to be derived by the property itself from the expenditure of the tax in its immediate vicinity."

In *Emery* v. *San Francisco Gas Co.*, 28 Cal. 346, 357, the court spoke of "the long and well-established meaning of the words 'taxes' and 'assessments,' as used in the statutes and in the ordinary language of the several

states, to indicate different classes of public burdens—the one imposed for general revenue for the purposes of the ordinary expenses of the state, county, and town government, and .the other to raise a special fund to defray the expenses of public improvements, mainly locally beneficial." (See, also, *Doyle* v. *Austin*, 47 Cal. 353, 358.)

It cannot be doubted, in view of the well-recognized distinction between a tax and an assessment,.not only in common parlance, but in repeated decisions of this court prior to the adoption of the constitution of 1879, that if it had been intended to restrict the power of the legislature in regard to assessments for local purposes, or that the proviso contained in section 1 of article XIII should extend to assessments as well as " taxation," that apt words to express such intention would have been used. If this be true it follows that there is at least no *express exemption* of any property from local assessments, while the act under which said irrigation district was organized provides for an annual assessment upon the real property of the district; "and all the real property in the district shall be and remain liable to be assessed for such payments, as hereinafter provided." (Stats. 1887, sec. 17, p. 37.)

In Cooley on Taxation, second edition, page 650, in speaking of property subject to assessment, the learned author says:

" It has been shown in another place that, while these local assessments are laid under a taxing power, they are not taxes in the ordinary understanding of that term, and that, consequently, the usual exemptions from taxation will not preclude the property exempted being subjected to them." And at page 653 the same author adds: "Even public property is often subjected to these special assessments; there being no more reason to excuse the public from paying for such benefits than there would be to excuse from payment when property is taken under the eminent domain."

In *Hassan* v. *City of Rochester*, 67 N. Y. 528, the state

owned lands on Oak street, and it was held that an assessment for the improvement of the street which omitted said state lands was invalid. Among the exemptions from "taxation," under the statutes of that state, was enumerated "all lands belonging to the state or the United States." The court said:

"The exemption thus stated evidently relates to general county and state taxes, and has no reference to assessments for improvements made under special laws and of a local character"; citing *Mayor of Troy* v. *Mutual Bank*, 20 N. Y. 390, and *People* v. *Mayor of Brooklyn*, 4 N. Y. 419; 55 Am. Dec. 266. The court further said:

"The collection and enforcement of assessments made for local improvements has never been the subject of general regulation by statute, and there is no provision which exempts the property of the state from liability for such assessments. Not being excepted by the statute law of the state it is left for the legislature, which is vested with ample power for that purpose, to make such enactments on the subject as may be considered needful and proper."

Respondent suggests that to give the Wright act, under which the Linda Vista district was organized, the literal interpretation contended for by appellants would make state and United States lands, if there were such in the district, liable to assessment, and authorize the sale of them if the assessment should not be paid.

To this it may be replied that, as to state lands, it is undoubtedly within the power of the legislature to subject them to any just liability of the character in question; but the legislature has no such power over the public lands of the United States.

It is also said that "the city of San Diego is not engaged, nor can it engage, in an agricultural enterprise." Under subdivision 50 of section 1 of its charter (Stats. 1889, page 656) the city is empowered to provide for the sale and conveyance, or lease, of all its lands not dedicated and reserved to public use. The demurrer admits that the lands in question are pueblo lands, agri-

cultural in character, and not used for any municipal purpose. They may be sold and the proceeds paid into the city treasury, or leased and an income derived therefrom. In either case the city would reap a benefit at the expense of the other landowners of the irrigation district, if it be true that the assessment in question cannot be lawfully made and enforced. These lands are held and devoted to the private uses of the city, and are not incidental to the performance of any public or municipal function. They derive an equal benefit with all other lands in the district from the expenditures made by the district, and no reason is perceived why they should be exempt from their proportion of such expenditure.

As we have seen, there is no express exemption covering this property, and implied exemptions should not be extended to property which is not held or used for municipal or governmental purposes. In *Essex County* v. *Salem*, 153 Mass. 141, it was said: " We are of the opinion that, in the absence of any express exemption of the property of counties from taxation, an exemption can be implied only when the property is actually appropriated to public uses."

In *Ames* v. *City of San Diego*, 101 Cal. 390, it was held that the title of the city to its pueblo lands which have not been devoted to a specific public use, and which may be alienated by the city, may be lost by adverse possession for the period of time prescribed in the statute of limitations. If the legislature may empower the city to sell its pueblo lands, and if the title to such lands may be lost by adverse possession under the statute of limitations, no reason is perceived why the legislature may not make it liable for an assessment, which is not imposed as a burden, but as its proportion of the expense incurred to secure a local benefit, which, in contemplation of law, equals or exceeds the charge imposed.

The judgment appealed from should be reversed, with

directions to overrule the demurrer to defendant's answer.

SEARLS, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is reversed and the court directed to overrule the demurrer to defendant's answer.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.