## UNITED STATES v. ANDERSON COTTONWOOD IRR. DIST. et al.

### No. 1175.

District Court, N. D. California, N. D.
June 26, 1937.

H. H. McPike, U. S. Atty., of San Francisco, Cal., G. B. Hjelm, Asst. U. S. Atty., of Turlock, Cal., and W. E. Licking, Asst. U. S. Atty., of San Francisco, Cal.

L. C. Smith, of Redding, Cal., for defendants.

LOUDERBACK, District Judge.

This case came regularly before the court for trial on February 11, 1936. Plaintiff made motion for judgment on the pleadings, which motion was thereupon ordered to be submitted upon written memoranda of points and authorities; the same having been filed, and submitted for judgment on June 22, 1936. This court then made an order that plaintiff be given a decree for judgment, as prayed against the answering defendants, and that a decree enter upon the filing of written findings of facts and conclusions of law. On January 22, 1937, this order was modified, providing that this court file a written opinion in lieu of findings of fact and conclusions of law.

The suit is in equity, brought by the United States, as owner of certain land within the limits of the defendant district, against the district and certain of its officers, to set aside and cancel liens created by certain assessments levied upon such land by the district through its officers. These assessments were levied subsequent to the purchase of the land by the United States. The United States also seeks to restrain the future levy of such assessments, alleging that the levy of such assessments

against property of the United States is unwarranted and unlawful.

The court has considered the case as one submitted on bill and answer and has taken all allegations of fact set out in the answer as true. From the allegations of the complaint, admitted in the answer, and from the affirmative allegations set out in the answer, it is apparent that there is no material issue of fact raised by the answer.

It appears from the pleadings that the land described in the complaint is, and at the time of its purchase was, within the boundaries of the Anderson Cottonwood District, an irrigation district formed under the provisions of the California Irrigation Act, Statutes of California 1897, p. 254, as amended (General Laws California 1931, Act 3854, vol. 2, pp. 1952 to 2012, inclusive).

Prior to the purchase of the land by the plaintiff, certain bonds were lawfully issued and sold by said district. The land was, by the terms of the California statute, supra, subject to assessment each year during the term of the bonds for the purpose of raising money to retire such bonds, of paying the yearly interest thereon, and for other costs, possible benefits conferred on the land. The California statute mentioned provides that it is the duty of the board of directors and the duly authorized officers and agents of the district to yearly levy such assessments on lands within the district.

It is undisputed that the defendants W. W. Treat, Edmund Wyndham, F. Hall, Severt Severtson, and J. D. Krumwide are the directors of the defendant district and that C. F. Eaton is the secretary-treasurer, collector, and assessor of said district. It is also undisputed that title to the property described in the complaint was acquired by the plaintiff on August 10, 1922, and that title to the same has ever since been and now is in plaintiff.

It is admitted that subsequent to this purchase, namely, during the years 1923 to 1933, inclusive, assessments were levied by defendant district through its officers and agents above named, against said property, and that such officers and agents have levied and threaten to levy such assessments yearly for the term of such bonds unless restrained by order of this court. Such assessments have not been paid and appear of record as liens and encumbrances against said property.

There is a point of practice which should be first disposed of; the motion for judgment on the pleadings is not specifically provided for by our present equity rules. The proposed new equity rules make such provision. It is, however, plain that, where the answer presents no material issues of fact to be tried, and there is no request to amend, the plaintiff is as much entitled to a decree as if no answer had been filed. In the case of Shera v. Merchants' Life Insurance Co. (D.C.) 237 F. 484, the case was submitted upon bill and answer, and the court determined the issues in the case upon such pleadings. In this case, the case was submitted upon the bill and answer, and neither the defendants' answer nor the memorandum filed in opposition to the complaint tenders any material issue of fact. Irving Trust Co. v. Frimitt (D.C.) 1 F.Supp. 16.

The question presented for the court's decision is purely one of legal principles and may be stated as follows: Is property acquired by the United States of America in an irrigation district formed under the above-mentioned laws of the state of California subject to subsequent levy of assessments by the district, through its duly authorized agents, for interest charges and retirement of a pre-existing bond issue, or for any other purpose?

Defendants apparently rely upon the distinction between a "tax" and an "assessment for benefits conferred." This admitted distinction creates no difference of any import to the solution of the instant problem. The question is not (as in the different cases where the California courts have held certain limitations of taxation power not applicable to assessments) one of the power of the Legislature of the state of California to assess its own or privately owned lands within its borders. All of the cases which make the distinction between an "assessment for benefits conferred" and a "tax" recognize that both have their common source in the sovereign power of taxation.

It is unnecessary to cite cases, for the proposition that as "the power to tax is the power to destroy" the state of California can have no power to tax land owned by the United States within its borders.

A quotation from one California case will suffice to illustrate the general propositions above outlined.

San Diego v. Linda Vista Irrigation District, 108 Cal. 189, 195, 41 P. 291, 293, 35 L. R.A. 33, says:

"Respondent suggests that to give the Wright act, under which the Linda Vista District was organized, the literal interpretation contended for by appellants, would make state and United States lands, if there were such in the district, liable to assessment, and authorize the sale of them if the assessment should not be paid.

"To this it may be replied that, as to state lands, it is undoubtedly within the power of the legislature to subject them to any just liability of the character in question; but the legislature has no such power over the public lands of the United States."

 It is true, however, that the United States as purchaser takes subject to existing liens and encumbrances. Defendants apparently take the position that the "apportionment of benefits" (really an ascertainment of proportionate liability for assessments subsequently to be levied) creates immediately an indirect lien upon all the property within the district and that the government as purchaser took subject to such lien.

An examination of the statute under which the district was created, and the bonds issued, discloses no such intention on the part of the Legislature. The bonds are not secured by the property of individuals within the district, but are to "be paid from revenue derived from an annual assessment upon the land within the district." Section 33, Act 3854, p. 1978, vol. 2, General Laws Cal.

It is true that there is a provision that "all the land within the district shall be and remain liable to be assessed for such payments as hereinafter provided." This provision does not, however, establish a lien against such property. The only lien mentioned in this connection is in section 40, Act 3854, which provides: "the assessment upon land is a lien against the property assessed from and after the first Monday in March for any year."

Rather than making the land within the district security for the bond issue in proportion to the benefits conferred, the California Legislature saw fit to delegate to the district its power to levy yearly assessments upon the land. This was a delegation of a part of its taxing power, and the validity of the exercise of that power by the district must be measured by the same yardstick as though it were being exercised by the state.

Defendants' memorandum stresses the point that they have a right to show the nature of the assessments levied and proposed to be levied, and it is stated that a part of each annual assessment was for yearly benefits received (the actual use of water supplied to the land). That such evidence is immaterial is evident from the statement of Justice Roberts relative to the liability of lands acquired by the federal government in an improvement district to levy of subsequent assessments.

"At the date of acquisition by the government the real estate was subject to be assessed in the future for sundry taxes, amongst them taxes in the nature of reassessments for sewers and sidewalks. It is true these could not thereafter be levied on property which had passed to the United States." Mullen Benevolent Corp. v. United States, 290 U.S. 89, 94, 54 S.Ct. 38, 40, 78 L.Ed. 192.

 We are not here concerned with the moral or legal obligation owed by the United States, but with the means used by the district in attempting to enforce any possible right: If the United States expressly or impliedly contracted for the delivery of water, such contract should be enforced by appropriate action, not by the levy of a tax on property of the United States.

 No exhaustive citation of authority is necessary for the proposition that neither a state nor any of its instrumentalities may lawfully tax federal property. Bannon v. Burnes (C.C.) 39 F. 892; United States v. Pierce County (D.C.) 193 F. 529; Mullen Benevolent Corp. v. United States, supra.

The levy of the questioned assessments by the district is clearly an attempt by a public corporation of the state of California to impose a tax on property owned by the United States. Such levy is unlawful, the purported liens created thereby are void, and the threatened future levy of such assessments must be restrained.

The plaintiff and defendant having submitted the case on the bill of complaint and the answer, and the defendant having offered no amendment to the answer, the court finds the allegations in the bill of complaint, as herein set forth, to be true;

and from such facts draws the conclusions of law above stated.

Wherefore, plaintiff may take a decree, following the prayer, against the defendants who have appeared.