BERGER LEVEE DISTRICT,
FRANKLIN COUNTY,
Missouri, Respondent,

v.

UNITED STATES of America,
Appellant.

No. ED 75465.

Missouri Court of Appeals,
Eastern District,
Union Division.

Nov. 16, 1999.

See also, 128 F.3d 679.

Marion E. M. Erickson, Dept. of Justice, Washington, DC, for appellant.

Louis B. Eckelkamp, III, Washington, MO, Joseph M. Landholt, Asst. U.S. Atty., St. Louis, for respondent.

RICHARD B. TEITELMAN, Presiding Judge.

The United States of America ("United States") appeals from a judgment entered in the Circuit Court of Franklin County which provided that the United States must pay to the Berger Levee District ("Levee District") the amounts of $1,228.66 for 1995, $4,720.62 for 1996 and $4,038.02 for 1997 for assessments levied against property owned by the United States.

The United States argues on appeal that (1) the trial court lacked jurisdiction because the United States has sovereign immunity from suit; and (2) the United States is immune under the Supremacy Clause of the United States Constitution from liability for any state or local tax assessments. We reverse.

### Factual and Procedural Background

The relevant facts are not in dispute and were largely stipulated below.

Levee districts generally are organized under the auspices of a Missouri circuit court to establish or construct levees, dikes, or similar waterway improvements. Sections 245.010(1), 245.015 RSMo. The Berger Levee District ("Levee District") became a duly incorporated levee district under Missouri law in 1968. The Levee District's board of supervisors ("the board") proposed a plan for reclamation, which the Franklin County Circuit Court approved, as amended, in 1976. The Circuit Court appointed commissioners to assess benefits and damages against all real property in the Levee District and approved the commissioners' report in 1977. The board imposed a $1.8 million levee tax, accordingly, proportionate. to each parcel's respective share of benefits. The levee tax of $950,000 was enacted to repay a 20–year bond.

For the 1995, 1996 and 1997 tax years, the board levied the annual levee tax installments and a maintenance tax against all real property within the district. Included in the real property were five parcels purchased by the United States, acting through the United States Army Corps of Engineers, on September 27, 1995. The board levied taxes of $1,228.66 against the property for that portion of 1995 that it was owned by the United States. For 1996 and 1997, the amount levied against the property was $4,720.62 and $4,038.02, respectively.

The United States refused to pay the amounts so levied. The Levee District filed suit in both the United States District Court for the Eastern District of Missouri and in the Circuit Court of Franklin County, Missouri in an attempt to collect the levee and maintenance taxes. The District Court, on the United States' motion, dismissed the complaint for failure to state a claim upon which relief could be granted. On appeal to the Eighth Circuit, the Court of Appeals held that the federal courts lacked subject-matter jurisdiction over the complaint and remanded the case to the district court to be dismissed on that ground. *See Berger Levee Dist. v. United States,* 128 F.3d 679 (8 th Cir.1997).

The Circuit Court of Franklin County heard the case at bar after the federal court dismissed the action. The Levee District petitioned the court to order a sale of the property owned by the United States to satisfy the levee and maintenance taxes for 1995, 1996 and 1997. The United States in its motion to dismiss argued that the court lacked jurisdiction to hear the case because of the its sovereign immunity from suit, and, in the alternative, that the Levee District failed to state a claim upon which relief could be granted because the United States is exempt from payment of taxes levied by the states or their political subdivisions.

■ The trial court entered judgment in favor of the Levee District, noting that "the ability of this levee district to operate and maintain its improvements [will] be endangered if the United States of America is granted the immunity it claims." The court concluded as follows:

> *United States v. Alabama* [313 U.S. 274, 61 S.Ct. 1011, 85 L.Ed. 1327 (1941) ] involved the claims of the State of Alabama for the payment of normal state and county real estate taxes on property owned by the United States. The distinction between that [sic] the taxes in that case and the assessments in this case is clear. However, in upholding the lien but depriving the state of the ability to enforce the lien, the Supreme Court in *Alabama* seemed to be saying that

the lien could be enforced at such time as the United States transferred the property. The United States appears to concede that issue in this case as well. That concession, however, if adopted by the courts, would be a "Pyrrhic victory" for the Plaintiff. Indeed, the United States' ownership of this tract is for flood control purposes and there is no end in sight to the United States' ownership of the land. The Plaintiff's need for collection of the assessments is now.

The court did not address the Levee District's request that the property be sold,[1] but ordered the United States to pay to the Levee District the assessed amounts for 1995, 1996 and 1997. The United States now brings this appeal.

### Discussion

#### I.

The United States first argues that it did not waive sovereign immunity from suit in this case, and therefore the trial court lacked jurisdiction to hear the Levee District's suit. We agree.

■ The United States, as a sovereign, may not be sued without its consent, and the terms of its consent define the court's jurisdiction. *United States v. Dalm*, 494 U.S. 596, 608, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990); *United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). Any waiver of the federal government's immunity from suit must be explicit. *United States v. Williams*, 514 U.S. 527, 531, 115 S.Ct. 1611, 131 L.Ed.2d 608 (1995). Without an express waiver of sovereign immunity, the trial court lacks jurisdiction to consider the claim and the action must be dismissed. *United States v. Mitchell*, 463 U.S. at 212, 103 S.Ct. 2961.

■ In the case at bar, the United States, from its first available opportunity, asserted its sovereign immunity before the trial court and has continued to do so throughout these proceedings. There is no specific statute providing for the waiver of immunity. Therefore, the trial court did not have jurisdiction to hear the Levee District's claim and erred when it failed to grant the United States' motion to dismiss.

The Levee District argues that the trial court had jurisdiction to hear this case because Missouri statutes provide that the enforcement of liens imposed by a levee district are within the purview of Missouri circuit courts.

■ The Levee District is correct in its assertion that the United States stands as does any other purchaser as far as the existence of prior liens is concerned. However, even if a valid preexisting lien existed at the time the United States purchased property, the lien cannot be enforced against the United States without its consent. Thus, the United States cannot have the lien removed from its property's title, but it is immune from the Levee District's attempt to execute upon the lien. In *United States v. Alabama*, 313 U.S. 274, 61 S.Ct. 1011, 85 L.Ed. 1327 (1941), the Supreme Court held that even though a valid tax lien existed at the time the United States purchased the property in question, the proceeding against the property was a "suit against the United States," which could not occur without the consent of the United States. *Id.* at 282, 61 S.Ct. 1011. The Court stated:

> The United States was an indispensable party to proceedings for the sale of the lands, and in the absence of its consent to the prosecution of such proceedings, the county court was without jurisdiction and its decrees, the tax sales and the certificates of purchase issued to the State were void.

*Id.* at 282, 61 S.Ct. 1011.

The Levee District's reliance on *United States v. Florea*, 68 F.Supp. 367 (D.Oregon, 1945), and *United States v. Aho*, 68

---

1.  Though the trial court failed to address this issue explicitly, by holding the United States liable to pay the taxes, the trial court implicit-ly denied the Levee District's request that the property be sold.

F.Supp. 358 (D.Oregon, 1944), is misplaced. In both of those cases, the United States filed suit. Therefore, its consent to proceedings before the court was not at issue.

## II.

The United States next argues that it is immune under the Supremacy Clause found in Article VI, cl.2 of the United States Constitution from liability for any state or local tax assessments. Since the trial court lacked jurisdiction to hear this case, we do not need to determine whether the assessments at issue are taxes which violate the intergovernmental tax immunity doctrine under *McCulloch v. Maryland,*[2] 4 Wheat. (17 U.S.) 316, 4 L.Ed. 579 (1819), or are instead special assessments resulting in liens which run with the land and for which the United States may be liable if the land is sold eventually. See, e.g., *United States v. Alabama,* 313 U.S. 274, 61 S.Ct. 1011, 85 L.Ed. 1327 (1941). *See also, United States v. Florea,* 68 F.Supp. 367 (D. Oregon 1945); *United States v. Aho,* 68 F.Supp. 358 (D. Oregon 1944).

The trial court in the instant case lacked jurisdiction to hear the Levee District's petition. Therefore the court's judgment is void. We reverse the judgment and remand this case to the trial court with a directive to dismiss the Levee District's petition for lack of jurisdiction.

2. In the famous *McCulloch* decision, the Supreme Court determined that the United States is immune from taxation by the states. The Court stated:

That the power to tax involves the power to destroy; that the power to destroy may defeat and render useless the power to create; that there is a plain repugnance, in conferring on one government a power to control the constitutional measures of another, which other, with respect to those very measures, is declared to be supreme over that which exerts the control, are propositions not to be denied....The question is, in truth, a question

RHODES RUSSELL, C.J. and WILLIAM H. CRANDALL, Jr., J., concur.

of supremacy; and if the right of the states to tax the means employed by the general government be conceded, the declaration that the constitution, and the laws made in pursuance thereof, shall be the supreme law of the land, is empty and unmeaning declamation.
*McCulloch v. Maryland,* 4 Wheat. (17 U.S.) 316, 431–33, 4 L.Ed. 579 (1819); *See also, United States v. Anderson Cottonwood Irr. Dist.,* (D.C.Cal) 19 F.Supp. 740, 742 (1937) ("No exhaustive citation of authority is necessary for the proposition that neither a state nor any of its instrumentalities may lawfully tax federal property.").