# Court of Appeals
## Tenth Appellate District of Texas

10-25-00223-CV

In the Interest of J.C. and C.C., Jr., Children

On appeal from the
472nd District Court of Brazos County, Texas
Judge Andrea L. James, presiding
Trial Court Cause No. 23-003280-CV-472

JUSTICE HARRIS delivered the opinion of the Court.

**MEMORANDUM OPINION**

J.M. (the "Mother") appeals from the termination of her parental rights to her children, J.C. and C.C. Jr., pursuant to TEX. FAM. CODE ANN. § 161.001. The trial court terminated the Mother's parental rights to the children under Family Code subsections 161.001(b)(1)(D), (E), and (O), and made a finding that termination is in the children's best interest. The Mother complains that the trial court erred by not determining that the Indian Child Welfare Act is applicable to this case and applying its requirements. The Mother also contends that the evidence was legally and

factually insufficient to support the trial court's termination findings. We affirm the judgment of the trial court.

## INDIAN CHILD WELFARE ACT

The Mother alleges that the trial court erred by failing to require the Department to fully comply with the notice provisions of the Indian Child Welfare Act (the "ICWA"). *See* 25 U.S.C.A. §§ 1901–1963 (2001). This appeal was abated, and the trial court has determined that the ICWA does not apply to the children. Proper notice pursuant to the ICWA has been sent, and the trial court has made its determination. Based on the record before us, we agree with the trial court that the ICWA and its requirements are not applicable.

## STANDARD OF REVIEW

Because the ICWA does not apply, we turn to the Mother's challenge of the legal and factual sufficiency of evidence in support of the termination findings. The standards of review for legal and factual sufficiency of the evidence in cases involving the termination of parental rights are well established and will not be repeated here. *See In re J.F.C.*, 96 S.W.3d 256, 264–68 (Tex. 2002) (legal sufficiency); *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002) (factual sufficiency). The trial court, as factfinder, is the sole judge of the

witnesses' credibility and demeanor. *In re J.O.A.*, 283 S.W.3d 336, 346 (Tex. 2009).

In a proceeding to terminate the parent-child relationship brought under section 161.001 of the Family Code, the Department of Family and Protective Services (the "Department") must establish by clear and convincing evidence two elements: (1) that the respondent parent committed one or more acts or omissions enumerated under subsection (b)(1), termed a predicate violation, and (2) that termination is in the best interest of the child. TEX. FAM. CODE ANN. § 161.001(b); *In re J.F.-G.*, 612 S.W.3d 373, 381 (Tex. App.—Waco 2020) (mem. op.), aff'd, 627 S.W.3d 304 (Tex. 2021). Proof of one element does not relieve the petitioner of the burden of proving the other. *J.F.-G.*, 612 S.W.3d at 381.

## TERMINATION FINDINGS

On appeal, the Mother challenges the legal and factual sufficiency supporting the trial court's predicate ground and best interest findings, and she also argues there was insufficient evidence to find that the Department made reasonable efforts to return the children. Specifically, the Mother challenges the sufficiency of the evidence of endangerment under Family Code subsections 161.001(b)(1)(D), (E), and (O).

## Predicate Grounds

The Family Code permits termination if the parent knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the child's physical or emotional well-being. TEX. FAM. CODE ANN. § 161.001(b)(1)(D). The Family Code also allows for termination if the parent has engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the child's physical or emotional well-being. TEX. FAM. CODE ANN. § 161.001(b)(1)(E). Finally, the Family Code provides for termination if the parent used a controlled substance in a manner that endangered the health or safety of the child. TEX. FAM. CODE ANN. § 161.001(b)(1)(O).

To "endanger" means to expose the child to loss or injury, to jeopardize. *Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987). The relevant inquiry under subsection (E) is whether sufficient evidence exists that the endangerment of the child's well-being was the direct result of the parent's conduct, including acts, omissions, or failures to act. *In re E.M.*, 494 S.W.3d 209, 222 (Tex. App.—Waco 2015, pet. denied). However, it is not necessary that the parent's conduct be directed at the child or that the child actually suffer injury. *Boyd*, 727 S.W.2d at 533.

Scienter is not required for a parent's own acts to constitute endangerment under subsection (E). *See In re L.S.*, No. 10-22-00119-CV, 2022 WL 3655395, at *2 (Tex. App.—Waco Aug. 24, 2022, no pet.) (mem. op.). It is also not necessary to show that the parent's conduct was directed at the child or that the child suffered actual injury. *Boyd*, 727 S.W.2d at 533. The specific danger to the child's well-being may be inferred from the parent's misconduct alone. *Id.* Furthermore, we may consider conduct both before and after the child's removal in an analysis under subsection (E). *In re S.R.*, 452 S.W.3d 351, 360 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). If the endangering person is someone other than the appealing parent, then the parent generally must have known of the other person's endangering conduct. *T. D. v. Tex. Dep't of Family & Protective Services*, 683 S.W.3d 901, 913 (Tex. App.—Austin 2024, no pet.).

Here the evidence shows a history of drug use by both the Mother and the father of the two younger siblings of J.C. and C.C. Jr., whom the Mother allowed to be in the home with the children. Evidence of a parent's drug use is relevant when accompanied by "additional evidence that a factfinder could reasonably credit that demonstrates that illegal drug use presents a risk to the parent's 'ability to parent.'" *In re R.R.A.*, 687 S.W.3d 269, 278 (Tex. 2024). Additionally, drug use is a condition which can indicate instability in the

home environment because it exposes the child to the possibility that the parent may be impaired or imprisoned. *See In re J.F.-G.*, 612 S.W.3d 373, 386 (Tex. App.—Waco 2020), aff'd, 627 S.W.3d 304 (Tex. 2021). The record shows that children were removed from the Mother in November 2023, when the Mother and the father of a younger sibling failed to report that one of the younger siblings (2 years old) went missing for over sixteen hours. Evidence shows that when the children were returned to the Mother in a monitored return, the Mother relapsed on synthetic marijuana, was arrested for public intoxication, and left the children unsupervised for multiple days. One of the children testified that the child witnessed upsetting behavior by the Mother and father of the younger siblings, specifically jumbled words, stumbling, and eyes that were a little bit shut.

Additionally, the evidence shows that the Mother missed at least five drug screens between September 2024 and May 2025. As part of its endangering conduct analysis, a court may consider a parent's failure to complete a service plan. *See In re R.F.*, 115 S.W.3d 804, 811 (Tex. App.—Dallas 2003, no pet.). The record reflects that the Mother failed to maintain consistent contact with her counselor and did not respond to communications with the Department.

Considering all the evidence presented in this case in the light most favorable to the trial court's finding and considering the evidence as a whole, we conclude that the evidence was legally and factually sufficient to support termination of the Mother's parental rights under Paragraphs (D), (E), and (O). TEX. FAM. CODE ANN. § 161.001(b)(1).

## Best Interest of the Children

In determining the best interest of a child, several factors have been consistently considered, which were set out in the Texas Supreme Court's opinion of *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). The *Holley* factors include: (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals; (6) the plans for the child by these individuals; (7) the stability of the home; (8) the acts or omissions of the parent that may indicate the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Id*. This list is not exhaustive but simply identifies factors that have been or could be pertinent in the best-interest determination. *Id*. at 372. There is no requirement that all these factors be proven as a condition precedent to parental termination. *See In re C.H.*, 89

S.W.3d 17, 27 (Tex. 2002). The absence of evidence about some factors does not preclude a factfinder from reasonably forming a strong conviction that termination is in the child's best interest. *Id.* In fact, while no one factor is controlling, the analysis of a single factor may be adequate in a particular situation to support a finding that termination is in the child's best interest. *In re J.M.T.*, 519 S.W.3d 258, 268 (Tex. App.—Houston [1st Dist.] 2017, pet. denied).

The *Holley* factors focus on the best interest of the child, not the best interest of the parent. *Dupree v. Tex. Dep't of Protective & Regul. Servs.*, 907 S.W.2d 81, 86 (Tex. App.—Dallas 1995, no writ). And evidence relating to the predicate grounds under subsection 161.001(b)(1) may be relevant to determining the best interest of the child. *See In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002).

Regarding the emotional and physical needs of the children now and in the future and regarding the emotional and physical needs of the children now and in the future, evidence of past misconduct or neglect can be used to measure a parent's future conduct. *See Williams v. Williams*, 150 S.W.3d 436, 451 (Tex. App.—Austin 2004, pet. denied). We already discussed that the evidence, as outlined above, indicates that after the removal and

monitored return of the children, the Mother continued drug usage, left the children unsupervised for days, and was arrested.

Regarding the plans for the children by the individuals or agency seeking custody and the stability of the home or proposed placement, the factfinder may compare the parent's and the Department's plans for the child and consider "whether the plans and expectations of each party are realistic or weak and ill-defined." *In re J.D.*, 436 S.W.3d 105, 119–20 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Testimony showed that when asked about her plans for the children, the Mother stated that she would take it one day at a time and give them a normal childhood. Alternatively, the Department's plan for one child is the unrelated adoption by a family that has indicated they would like to adopt the child. The evidence shows that the other child is currently in a behavioral treatment facility where continued treatment is recommended. The stronger, more defined plans for the children that favor permanency are those outlined by the Department. There is testimony that the children are doing well in their current placements. In contrast, the evidence shows that both children had an increase in aggressive, inappropriate behaviors following contact with the Mother and that one child no longer has phone contact with the Mother for this reason.

There is a strong presumption that it is in the child's best interest to preserve the parent-child relationship. *In re L.M.*, 104 S.W.3d 642, 647 (Tex. App.—Houston [1st Dist.] 2003, no pet.). However, considering all the evidence here in the light most favorable to the trial court's finding and considering the evidence as a whole, we hold that a reasonable factfinder could have formed a firm belief or conviction that termination of the Mother's parental rights was in the best interest of all the children.

## Reasonable Efforts to Return

The Mother specifically challenges the sufficiency of the evidence to support that the Department made reasonable efforts to return the children to her. Making "reasonable efforts to return the child to the parent" under subsection (N) does not necessarily mean that the child must be physically delivered to the parent. *In re G.P.*, 503 S.W.3d 531, 533 (Tex. App.—Waco 2016, pet. denied). Generally, implementation of a family service plan by the Department is considered a reasonable effort to return a child to the parent. *A.D. v. Tex. Dep't of Fam. & Protective Servs.*, 673 S.W.3d 704, 714 (Tex. App.—Austin 2023, no pet.) (quoting *In re A.L.H.*, 468 S.W.3d 738, 744 (Tex. App.—Houston [14th Dist.] 2015, no pet.)).

The Mother does not contest that a service plan was implemented by the Department. It is also undisputed that the Department attempted to

reunify the children with the Mother during the pendency of the case, which resulted in a second emergency removal. There is evidence that the Mother missed multiple drug tests and failed to maintain regular or responsive communication with the Department, particularly communications regarding home visits.

Instead of contesting the aforementioned evidence, the Mother argues that the caseworker's bias frustrated the service plan. The Mother's argument points to testimony within the record that was observed by the trial court as evidence of the alleged bias. The trial court, as factfinder, is the sole judge of the witnesses' credibility and demeanor. *In re J.O.A.*, 283 S.W.3d 336, 346 (Tex. 2009). Based on the foregoing, we therefore conclude that a reasonable factfinder could have formed a firm belief or conviction that the Department made reasonable efforts to return the children to Mother. *See A.D. v. Tex. Dep't of Fam. & Protective Servs.*, 673 S.W.3d 704, 714 (Tex. App.—Austin 2023, no pet.).

## CONCLUSION

In light of the foregoing, we affirm the trial court's order of termination.

_____
LEE HARRIS
Justice

OPINION DELIVERED and FILED: January 8, 2026

Before Chief Justice Johnson,
       Justice Smith, and
       Justice Harris
Affirmed
CV06

